Arthur Harold DUNGAN, Plaintiff-Appellant,

v.

COUNTY OF PIERCE, Pierce County Sheriff's Department, James Hines, Pierce County Sheriff, and their insured, Thomas K. Dietzler, individually and in his official capacity, William Stewart, individually and in his official capacity, and Robert Rhiel, individually and in his official capacity, Defendants-Respondents.

Court of Appeals

*No. 92-0093-FT. Submitted on briefs May 28, 1992.—Decided June 30, 1992.*

(Also reported in 486 N.W.2d 77.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Warren Lee Brandt* of *Brandt Law Offices* of Prescott.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John P. Richie* of *Misfeldt, Stark, Richie & Wickstrom* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Arthur Dungan appeals a judgment dismissing his complaint against Pierce County for lack of personal jurisdiction because of a defect contained within the summons filed and served pursuant to ch. 801, Stats.[1] Dungan argues that any defect in the form of the summons was technical in nature and did not deprive the court of personal jurisdiction over the

---

[1] This is an expedited appeal under Rule 809.17, Stats.

county. Because we agree that the defect in the summons was technical and not fundamental, we reverse the order of dismissal and remand for further proceedings.

Dungan attempted to commence an action against the county by filing a summons and complaint, and serving them upon the county as provided in sec. 801.02, Stats. The summons was signed by Dungan with the words "Arthur Harold Dungan, plaintiff, pro-se" typed beneath his signature. However, the body of the summons instructed the county to serve the answer on "Warren Lee Brandt, plaintiff's attorney, whose address is 122 Orange Street, Prescott, Wisconsin 54021."

The county prepared an answer and filed it with the clerk but, because of an administrative error, failed to serve the answer either upon Brandt, as directed in the body of the summons, or upon Dungan, who signed the summons. Dungan filed motions for default judgment and to strike the answer based upon the county's failure to properly serve the answer as provided in sec. 802.06(1), Stats. The defendants first responded by mailing their answer to both Dungan and Brandt and requesting an extension of time to answer. The county subsequently brought a motion to dismiss for lack of personal jurisdiction based upon the alleged defect contained in the summons. The trial court granted the county's motion to dismiss for lack of jurisdiction, finding the summons "fatally defective."

Whether a summons is sufficient to obtain personal jurisdiction over a defendant involves interpretation and application of a statute to undisputed facts and is reviewed as a question of law. *Brandt v. LIRC,* 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991). In addition, whether a defect is fundamental or technical is reviewed as a question of law. *American Family Mut.*

*Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992). We review questions of law without deference to the trial court. *Id.* at 529, 481 N.W.2d at 631.

The procedural requirements of commencing an action are specified in sec. 801.02, Stats. It is undisputed that these procedural requirements were followed in this case. The content requirements of a summons are specified in sec. 801.09. Subsection (3) of that section provides in part:

> The summons shall be subscribed with the handwritten signature of the plaintiff or attorney with the addition of the post-office address, at which papers in the action may be served upon the plaintiff by mail. If the plaintiff is represented by a law firm, the summons shall contain the name and address of the firm and shall be subscribed with the handwritten signature of one attorney who is a member or associate of such firm. . . .

██ The county argues that the failure to have Brandt sign the summons identifying him as the attorney representing Dungan is a defect within the meaning of the statute. We agree. The statute requires the plaintiff to sign the summons only if he is appearing pro se. Section 801.09(3), Stats. If the plaintiff is not pro se, the plaintiff's attorney must sign the summons. *Id.* In this case, Dungan, who signed the summons as pro se plaintiff, designated Brandt for receipt of the answer. The summons does not comply with sec. 801.09(3) if it designates a person other than the pro se plaintiff as an agent for receipt of the answer. Concluding that the summons is defective, however, does not end our inquiry.

██ The question whether a defect is fatal to the court's jurisdiction depends upon a determination whether the

defect is fundamental or technical. *American Family,* 167 Wis. 2d at 532, 481 N.W.2d at 632. If the defect is fundamental, the court has no jurisdiction to proceed and dismissal of the summons and complaint is required. If the defect is technical and the plaintiff can show that the defendant was not prejudiced by the defect, the error will not defeat personal jurisdiction and the court may proceed with the case. *Id.*

Our supreme court noted in *American Family* that two lines of analysis have been applied in determining whether defects in a summons and complaint defeat personal jurisdiction; one requiring strict statutory compliance and the other allowing nonprejudicial technical errors. *Id.* at 532–33, 481 N.W.2d at 632. Examination of the cases discussed in *American Family* reveals what we perceive to be a pattern. Those cases requiring strict statutory compliance involved application of the procedural requirements of sec. 801.02, Stats.; procedural errors are consistently held to be fundamental defects depriving the court of jurisdiction. *See American Family,* 167 Wis. 2d at 530–31, 481 N.W.2d at 631–32. In *Danielson v. Brody Seating Co.,* 71 Wis. 2d 424, 238 N.W.2d 531 (1976), our supreme court held that the failure to properly serve a person authorized to accept service on behalf of a corporate defendant was a fundamental defect. Service of an unauthenticated summons and complaint on a defendant prior to filing with the trial court was also held to be a fundamental defect. *Mech v. Borowski,* 116 Wis. 2d 683, 342 N.W.2d 759 (Ct. App. 1983). Also, a fundamental defect resulted when a defendant was timely served with an authenticated summons and complaint but was not named as a defendant in the summons. *Bulik v. Arrow Realty, Inc.,* 148 Wis. 2d 441, 444, 434 N.W.2d 853, 854 (Ct. App. 1988).

On the other hand, those cases allowing for nonprejudicial technical defects involved errors in content and form governed by sec. 801.09 and 801.095, Stats., and errors committed by someone other than the plaintiff. Errors in content and form of the summons and complaint are consistently held to be technical defects that do not automatically deprive the court of jurisdiction. *See American Family,* 167 Wis. 2d at 530-32, 481 N.W.2d at 631-32. In *Canadian Pac. Ltd. v. Omark-Prentice Hydraulics,* 86 Wis. 2d 369, 272 N.W.2d 407 (Ct. App. 1978), the court determined a summons failing to direct the defendant to answer within twenty days was a technical defect that did not prejudice the defendant. Errors committed by the clerk are also viewed as technical. *See State v. Hooper,* 122 Wis. 2d 748, 751-52, 364 N.W.2d 175, 177 (Ct. App. 1985); *Schlumpf v. Yellick,* 94 Wis. 2d 504, 511, 288 N.W.2d 834, 838 (1980); *J.M.S. v. Benson,* 91 Wis. 2d 526, 531, 283 N.W.2d 465, 467 (Ct. App. 1979).

We conclude that this case falls within the latter category of cases involving defects in form and not defects in procedure. The summons and complaint were properly filed, authenticated and served upon the county. Dungan has demonstrated compliance with sec. 801.02(1) Stats., as required by *American Family. Id.* at 533-34, 481 N.W.2d at 632-33. Therefore, the defect is technical and not fundamental. *Id.* at 534, 481 N.W.2d at 633.

In addition, the wording of sec. 801.09, Stats., may be a source of confusion for the less sophisticated plaintiff when subsec. (2) is examined in conjunction with subsec. (3). Subsection (2) requires that the summons

contain "[a] direction to the defendant . . . requiring defendant to serve [an answer] upon the plaintiff's attorney, whose address shall be stated in the summons . . .." Subsection (3) requires the summons to be signed by the plaintiff or attorney, with the further requirement that the summons be signed by a member of the law firm that represents the plaintiff if the plaintiff is so represented. The source of confusion is that unlike subsec. (3), subsec. (2) does not contain language in the alternative, e.g., that the summons direct the defendant to serve the answer upon the plaintiff's attorney *or the plaintiff,* whose address shall be stated in the summons. Because the statute does not specify the form of the summons when an action is commenced by a pro se litigant with service of the answer to be upon the pro se litigant, we cannot conclude that strict compliance with the statutory form of the summons is required.

In determining whether the defect is fundamental or technical we note that the form of the summons identified in sec. 801.095, Stats., is prefaced with the language "[t]he summons shall be substantially in one of the forms specified in subs. (1) to (4)." This is an indication that the form of the summons itself need not be in technical compliance with the forms identified in the statute. Here, the summons meets this requirement; it is substantially in the form specified by subsec. (1) of that statute. The summons fails to strictly comply with the statute only because it was signed by the plaintiff, pro se, and also designated Brandt for receipt of the answer as the plaintiff's attorney. We cannot conclude that designating an agent other than a pro se plaintiff for the receipt of service is so fundamental a deviation from the statutory requirement that it should be classified as a fundamental defect.

97

We note that the defect in this case is not included in our supreme court's list of fundamental defects in *American Family,* 167 Wis. 2d at 533–34, 481 N.W.2d at 632–33. Nonetheless, our supreme court's list of fundamental defects is not exhaustive. Further, *American Family* mandates that the plaintiff bear the burden of demonstrating that the defect is technical and did not prejudice the defendant. *Id.* at 533, 481 N.W.2d at 632.

The defect identified should not have misled the county. The direction to file the answer on Brandt, giving his name and post office address, is clear and unambiguous. Although the county voices concern that the summons leaves Dungan the option to move for a default judgment unless both Dungan and Brandt were served, the county does not allege that its failure to serve the answer was in any way related to the defect identified in the form of the summons.

We recognize that the lack of prejudice does not automatically render the defect a technical one. We understand *American Family* to hold that not all non-prejudicial errors are technical but an error must be non-prejudicial before it can be classified as a technical defect. *Id.* at 534, 481 N.W.2d at 633. In this case, we find no prejudice to the county in directing service of the answer on someone other than Dungan, who signed the summons, when that person is adequately identified and a post office address is provided.

Finally, we conclude that the defect is technical because the legislative purpose behind the requirements in sec. 801.02, Stats., was not frustrated. Except as otherwise challenged, the form of the summons and complaint met the statutory requirements. The summons and complaint were properly filed, authenticated and

served. The summons clearly and unambiguously advised the county that an action had been commenced and that it was its responsibility to prepare an answer and serve it within twenty days. The summons also clearly identified the party upon whom the answer should be served.

Although we have concluded that the defect is technical in nature and did not deprive the court of personal jurisdiction over the defendants, we note that there will be an issue on remand concerning the county's request for an extension of time. In spite of our conclusion that the defect is technical in nature, the trial court may consider the defect in determining whether it will grant the county's motion for an extension of time to answer. This is a matter submitted to the trial court's discretion. While a nonprejudicial technical error is insufficient to deprive the trial court of personal jurisdiction, it may be a significant factor in considering whether to grant a motion for an extension of time to answer.

*By the Court.*—Judgment reversed and cause remanded with directions.