Mark F. STUDELSKA, Deborah A. Studelska, Gregory Studelska, a minor, by Mark F. Studelska, his father and next friend, Shirley Bahl, and David Bahl, Plaintiffs-Appellants,†

v.

Mark B. AVERCAMP, American Family Mutual Insurance Company, and IASD Health Services Corp., d/b/a Blue Cross & Blue Shield of Iowa, Defendants-Respondents.

Court of Appeals

*No. 92–2087. Submitted on briefs June 21, 1993.—Decided July 28, 1993.*

(Also reported in — N.W.2d —.)

†Petition to review filed.

457

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert L. Sudmeier* of *Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C.* of Dubuque, Iowa.

On behalf of the defendants-respondents, Mark B. Averkamp and American Family Mutual Insurance Company, the cause was submitted on the briefs of *Ronald A. Ritchie* of Madison.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J.  Mark F. Studelska, Deborah A. Studelska, Gregory Studelska, Shirley Bahl and David Bahl (the Studelskas) appeal from an order dismissing their personal injury claim. They contend that

although they failed to properly authenticate copies of the summons and complaint, which they admit is a "fundamental" error, the trial court erred in dismissing the action for lack of personal jurisdiction. The issue is whether the defendants, Mark B. Avercamp and American Family Insurance Company, waived the defense of lack of personal jurisdiction by failing to plead it with specificity. We hold that fundamental procedural errors running to personal jurisdiction can be waived if not properly raised by motion or responsive pleading. However, Avercamp properly raised the issue here. We affirm.

This personal injury action arose out of a collision between two motor vehicles on April 1, 1989. The Studelskas filed their original complaint on January 15, 1992. Copies of the complaint and summons were served on both Avercamp and American Family. However, the complaint served on Avercamp had only a photocopied authentication stamp and the summons had no authentication. The complaint served on American Family had a proper original authentication, but the summons had no authentication.

Avercamp, by his insurer, filed an answer and counterclaim. Paragraph ten raised an affirmative defense which read:

10. As an additional Affirmative Defense, these defendants allege that the plaintiffs have failed to secure proper personal jurisdiction over the defendant, or, in the alternative, failed to obtain proper service of the Summons and Complaint on the defendants.

Thereafter, the Studelskas filed an amended summons and complaint adding IASD Health Services Corp. These documents were properly served on coun-

sel for Avercamp. On April 1, 1992, the three-year statute of limitations for filing this claim expired. On April 3, Avercamp filed an answer and counterclaim reasserting their affirmative defense to personal jurisdiction. On May 20, Avercamp moved to dismiss for failure to obtain proper service. The Studelskas responded that Avercamp had waived the defense, contending that the affirmative defense concerned improper *service* of the summons when it should have related to *content* of the summons. The trial court dismissed the action and the Studelskas appeal.

Neither party appears to dispute whether fundamental errors traveling to personal jurisdiction can be waived. Nonetheless, we reach this issue because it is a necessary condition precedent to deciding whether there was a proper waiver in this case. This is a question of law because it involves statutory interpretation. *Town of Clearfield v. Cushman,* 150 Wis. 2d 10, 19, 440 N.W.2d 777, 780 (1989).

The difference between fundamental and technical procedural errors was clarified by our supreme court in *American Family Mutual Insurance Co. v. Royal Insurance Co.,* 167 Wis. 2d 524, 481 N.W.2d 629 (1992). In that case, the complainant insurance company, seeking reimbursement for payments to the insured, served an unauthenticated photocopy of an authenticated summons on another insurer. *Id.* at 527–28, 481 N.W.2d at 630. The court held that the error was "fundamental" as opposed to "technical." *Id.* at 533–34, 481 N.W.2d at 632–33. Where the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced, and where the defect is fundamental, no personal jurisdiction

461

attaches regardless of prejudice or lack thereof. *Id.* at 533, 481 N.W.2d at 632.

The supreme court did not reach whether waiver is an appropriate concept when fundamental errors are present. We know of no reason why fundamental errors cannot be waived. The error travels to personal jurisdiction. Our statutes specifically prescribe the method of objecting to personal jurisdiction. Section 802.06(8)(a), Stats., states:

> A defense of lack of jurisdiction over the person or the property, insufficiency of process, untimeliness or insufficiency of service of process or another action pending between the same parties for the same cause is waived only 1) if it is omitted from a motion in the circumstances described in sub. (7), or 2) if it is neither made by motion under this section nor included in a responsive pleading.

Thus, waiver of personal jurisdiction defects happens when the defects are not raised by either a proper pleading or a motion. The statutes detail how the personal jurisdictional issue is to be joined, and if not properly joined, it is waived. We determine that this statute applies to both fundamental and technical jurisdictional defects.

Now we reach the issue raised by the parties. The Studelskas observe that the defenses raised in paragraph ten were argued in the alternative. The first alternative claim was failure "to secure proper personal jurisdiction over the defendant." The second alternative claim was failure "to obtain *proper service.*" (Emphasis added.) The Studelskas then cite sec. 802.06(2), Stats., which provides that the following defenses must be raised in the responsive pleading if

not raised by earlier motion. The statute lists, in pertinent part:

> . . .c) lack of jurisdiction over the person or property, d) insufficiency of summons or process, e) untimeliness or insufficiency of service of summons or process.

Section 802.06(2). The Studelskas assert that paragraph ten raises "c"—lack of jurisdiction over the person and "e"—untimeliness or insufficiency of service of summons or process. The Studelskas submit, however, that improper authentication concerns "d"—insufficiency of the summons or process. Thus, the Studelskas contend, paragraph ten does not raise the authentication problem either technically speaking or in a manner that would provide sufficient notice to the Studelskas.

■

We disagree. Initially, we point out that this is a notice pleading state. Pleadings are to be liberally construed with a view to do substantial justice to the parties; there is no requirement to state all of the ultimate facts upon which the pleading is based. *See Ollerman v. O'Rourke Co.,* 94 Wis. 2d 17, 24, 288 N.W.2d 95, 98 (1980). Resolution of facts which sustain a pleading is left to discovery. *See Anderson v. Continental Ins. Co.,* 85 Wis. 2d 675, 683, 271 N.W.2d 368, 373 (1978).

■

Paragraph ten claimed improper service of the summons. Section 801.02, Stats., provides that an action is properly commenced when a defendant is provided service of an authenticated copy of the summons and complaint. It follows that if a person is served with an unauthenticated copy of a summons, that "service"

is improper. It is improper because the manner in which the service was made, serving an unauthenticated copy, was wrong. Avercamp specifically alleged that the service was improper. That is a correct allegation because the service was of an unauthenticated copy. To be sure, service of the unauthenticated copies are also part of an "insufficient process." It does not follow, however, that the error was not also an "insufficient service of the summons." We hold that both or either "d" or "e" of sec. 802.06(2), Stats., could have been properly pled. Avercamp chose to use "e." That is enough.

Further, Avercamp pled lack of personal jurisdiction in the alternative. We hold that this averment was also proper. *American Family* reasoned that authenticated copies give assurance to the defendant that the papers served are true copies of filed documents. *American Family*, 167 Wis. 2d at 530, 481 N.W.2d at 631. Therefore, it is necessary that the documents be authenticated in order to confer jurisdiction over the person. When Avercamp averred that there was no jurisdiction over the person and tied in that claim with the improper service of summons claim, the Studelskas were on notice that the defendants saw a jurisdictional problem with the summons and complaint.

■

The Studelskas should have checked over their summons and complaint to perceive the flaw. They did not. We will not write law saying that the defendant must spell out in a responsive pleading that the copies are unauthenticated. Such is not required by our statutes. The statute requires only an assertion of a lack of jurisdiction over the person. That was done. Avercamp pled failure to obtain proper service. That was correct.

While Avercamp could have pled insufficient process as well, it was not required. Paragraph ten passes muster.

We reject the Studelskas' assertion that this results in allowing defendants to hide a "secret intent." To us, the defect was obvious and, if not obvious, could have been found with minimum diligence. We also observe that if there was still a problem seeing the obvious, *Anderson* provides that discovery is an available tool.

Finally, the Studelskas argue that Avercamp would not be prejudiced by a denial of the Avercamp's motion to dismiss. *American Family* answers this issue. The defect was fundamental; prejudice is not a proper component of the analysis when such is the case. We affirm the trial court.

*By the Court.*—Order affirmed.