Steven BURNETT, Plaintiff-Appellant,†

v.

Claude HILL, d/b/a Sportsman's Lounge and ABC Insurance Company, a fictitious insurance company, Defendants-Respondents.

Court of Appeals

*No. 94–2011. Submitted on briefs April 4, 1995.—Decided January 9, 1996.*

(Also reported in 544 N.W.2d 580.)

†Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Karl M. Gebhard, Jr.*, of *Eisenberg, Weigel, Carlson, Blau, Reitz & Clemens, S.C.*, of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *William W. Graper* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SULLIVAN, J. Steven Burnett asks us to review whether a summons served by publication pursuant to §§ 801.02(3), and 801.11(1)(c), STATS., must be authenticated to acquire personal jurisdiction over a defendant. The trial court granted Claude Hill's motion to dismiss Burnett's negligence action with prejudice because Burnett failed to authenticate the summons he served by publication. The trial court ruled that this failure was a fundamental error that deprived the court of personal jurisdiction over Hill. We agree with the trial court and affirm.

The following facts are undisputed. In October 1993, Burnett commenced a negligence action against Hill, the owner of a Milwaukee tavern known as the Sportsman's Lounge. The complaint alleged *inter alia* that Burnett, a patron of the tavern, was negligently shot and injured by Hill. Burnett filed his original summons and complaint with the clerk of courts; both were

authenticated and date-stamped.[1] After six unsuccessful attempts to obtain personal service of an authenticated summons and authenticated complaint on Hill at two addresses, Burnett's private process server filed affidavits averring that he could not serve Hill at his last known address. Burnett then timely published an unauthenticated summons three times in *The Daily Reporter* and mailed an authenticated copy of the summons and complaint to Hill. It was at this point that the legal imbroglio erupted. Hill moved the trial court to dismiss the action, alleging that the summons Burnett served by publication was not authenticated and that because of this failure, the trial court lacked personal jurisdiction over Hill. Agreeing with Hill, the trial court granted the motion to dismiss. On appeal, Burnett challenges the trial court's determination on this issue.

Whether service of a summons "is sufficient to obtain personal jurisdiction over a defendant involves interpretation and application of a statute to undisputed facts and is reviewed as a question of law." *See Dungan v. County of Pierce,* 170 Wis. 2d 89, 93, 486 N.W.2d 579, 581 (Ct. App. 1992). We review issues of law without any deference to the conclusions of the trial court. *See Old Republic Sur. Co. v. Erlien*, 190 Wis. 2d 400, 411, 527 N.W.2d 389, 392 (Ct. App. 1994).

The essence of the issue raised by Burnett is whether his failure to serve an authenticated summons by publication is a defect in the commencement of his action against Hill. "The procedural requirements of commencing an action are specified in [§] 801.02,

---

[1] Section 801.09(4), STATS., provides that authentication is accomplished by the clerk placing a file stamp that indicates the case number on each copy of the summons and complaint.

Stats.," *Dungan,* 170 Wis. 2d at 94, 486 N.W.2d at 581, the relevant portions of which provide:

> **Commencement of action. (1)** A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.
>
> . . . .
>
> **(3)** The original summons and complaint shall be filed together. The authenticated copies shall be served together except:
>
> (a) In actions in which a personal judgment is sought, if the summons is served by publication, only the summons need be published, but a copy of the complaint shall be mailed with a copy of the summons as required by s. 801.11 . . . .

In *American Family Mutual Insurance Co. v. Royal Insurance Company of America,* 167 Wis. 2d 524, 481 N.W.2d 629 (1992), the Wisconsin Supreme Court devised a bright line rule to distinguish between errors that are fundamental—that is, those errors that deprive the circuit court of personal jurisdiction over the defendant; and errors that are technical—that is, those errors that are not fatal unless they are shown to be prejudicial to the defendant. *Id.* at 533, 481 N.W.2d at 632. The focus of the court's inquiry was whether the error or defect was in the commencement of the action as prescribed by § 801.02, STATS. *See id.* at 533-34, 481 N.W.2d at 632-33. The court held that any failure to comply with § 801.02(1), STATS., "constitutes a fundamental error which necessarily precludes personal jurisdiction regardless of the presence or absence of

prejudice." *Id.* at 534, 481 N.W.2d at 633. The court then concluded that a plaintiff who personally served an unauthenticated photocopy of the authenticated summons and complaint did not comply with the strict mandates of § 801.02(1), and that this failure was a fundamental error depriving the circuit court of personal jurisdiction over the defendant. *Id.* at 535, 481 N.W.2d at 633. Hence, " 'Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh.' " *Id.* at 531, 481 N.W.2d at 631 (citation omitted).

Although *American Family* and its progeny have specifically dealt only with instances in which the summons was served by personal service,[2] we can find no reason why the bright line rule of *American Family* should not also apply to cases in which service of a summons is attempted by publication. First, the unambiguous language of § 801.02(3), STATS., calls for the service of "authenticated copies." While the subsection also provides for an exception in cases of service by publication, *see* § 801.02(3), STATS. ("The authenticated copies shall be served together except:"), this exception only goes to the requirement that the authenticated complaint and authenticated summons be served together, not to the requirement that a summons and

---

[2] *See, e.g., Dietrich v. Elliott,* 190 Wis. 2d 816, 528 N.W.2d 17 (Ct. App. 1995) (concluding deputy sheriff's affidavit of personal service was deficient and thereby a fundamental error that deprived circuit court of personal jurisdiction over defendant); *Dungan v. County of Pierce,* 170 Wis. 2d 89, 486 N.W.2d 579 (Ct. App. 1992) (determining that attorney's failure to sign summons served through personal service was "technical" defect that did not deprive circuit court of personal jurisdiction over defendant).

complaint be authenticated. *See* § 801.02(3)(a), STATS. ("In actions in which a personal judgment is sought, if the summons is served by publication, *only* the summons need be published, *but* a copy of the complaint shall be mailed with a copy of the summons as required by s. 801.11 . . . ." (Emphasis added.)).

Additionally, the subsections of § 801.02, STATS., should be read consistently, *see State v. Dawson,* 195 Wis. 2d 161, 168 n.2, 536 N.W.2d 119, 121 n.2 (Ct. App. 1995) (stating that court should construe " 'interrelated statutes to "produce a harmonious whole" ' " (citation omitted)), because the purpose of the summons and the need for authentication remain the same no matter what method of service is used:

> The purpose of the Summons is two-fold: it gives notice to the defendant that an action has been commenced against such defendant and it confers jurisdiction on the court over the person served. The purpose of authentication is to give assurance by the clerk that copies served are true copies of filed documents and to provide the case number for future reference.

*American Family,* 167 Wis. 2d at 530, 481 N.W.2d at 631 (citation omitted).

Indeed, the Wisconsin rule compelling "strict" and " 'unbending' " "compliance with statutory service requirements," *Dietrich v. Elliott,* 190 Wis. 2d 817, 827, 528 N.W.2d 17, 21 (Ct. App. 1995) (citation omitted), is just as paramount in cases of service by publication, because "service by publication . . . is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings." *Boddie v. Connecticut,* 401 U.S. 371, 382, 91 S. Ct. 780,

170

788, 28 L.Ed.2d 113, 121 (1971). As Justice Jackson expounded from the United States Supreme Court:

> Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S. Ct. 652, 658, 94 L.Ed. 865, 874 (1950). Accordingly, because of the potential scattergun effectiveness of service by publication, it has been the rule in Wisconsin for at least 130 years that in order for personal jurisdiction to attach to a defendant, a plaintiff must strictly comply with the statutes permitting service by publication. *See Hafern v. Davis,* 10 Wis. 443, [*501], 445, [*502-03] (1860) (stating that the trial court had no personal jurisdiction over a defendant where affidavit serving as basis for order for publication of summons was defective). Taking the above factors *in toto*, we conclude that the *American Family* rule applies to cases of service by publication, as well as cases of personal service. Accordingly, we now apply the *American Family* rule to the specific facts in the case at bar.

"The burden is on the complainant, *i.e.*, the one alleged to have served the defective pleading, to show there was no defect, or, if there was a defect, that it was not fundamental but technical and did not prejudice the defendant." *American Family,* 167 Wis. 2d at 533, 481 N.W.2d at 632. It is undisputed that the copy of the summons that Burnett served by publication was not authenticated. Section 801.02(3), STATS., requires that

171

a summons served by publication be authenticated. Therefore, Burnett has failed to meet his burden to show both that there was no defect and that the defect was not fundamental.

Burnett attempts to save his claim against Hill by arguing that Hill was not prejudiced because he received notice of the pendency of Burnett's action against him when he received the authenticated copy of the summons and complaint through the mail. Burnett's argument is fatally flawed for two reasons. First, as *American Family* clearly points out, a court is not to address the question of prejudice to the defendant if the defect or error was a fundamental error in the commencement of the action. *Id.* at 534-35, 481 N.W.2d at 633. Thus, because we conclude the error in this case was fundamental, it is irrelevant whether Hill was prejudiced by the error; personal jurisdiction never attached. *Id.* Second, mailing an authenticated copy of the summons and complaint pursuant to § 801.11(1)(c), STATS.,[3] is an additional step to a proper service of a summons by publication, not an alternative. *Cf. Sacotte v. Ideal-Werk Krug & Priester Machinen-Fabrik*, 121 Wis. 2d 401, 406-07, 359 N.W.2d 393, 395-96 (1984) (holding that in case of service on corporation "legislature did not intend to include service by mail as a method of personal service," but service by mail is

---

[3] Section 801.11(1)(c), STATS., provides:

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

allowable if done in conjunction with service by publication); *see also American Family*, 167 Wis. 2d at 534, 481 N.W.2d at 633 (stating that it is irrelevant if defendant received "actual notice" if plaintiff committed fundamental error in commencement of action). Because Burnett fundamentally erred in commencing his action against Hill by failing to serve an authenticated summons by publication, it is irrelevant that Hill received an authenticated copy of the summons and complaint through the mail.

For the foregoing reasons, we conclude the trial court properly dismissed Burnett's action because the court was deprived of personal jurisdiction over Hill. Accordingly, the trial court's order is affirmed.

*By the Court.*—Order affirmed.