Steven BURNETT, Plaintiff-Appellant-Petitioner,

v.

Claude HILL, d/b/a Sportman's Lounge and ABC Insurance Company, a fictitious insurance company, Defendants-Respondents.

Supreme Court

*No. 94–2011. Submitted on briefs November 14, 1996.—Decided January 24, 1997.*

(Also reported in 557 N.W.2d 800.)

For the plaintiff-appellant-petitioner there were briefs by *James W. McCann* and *Eisenberg, Weigel, Carlson, Blau, Reitz & Clemens, S.C.*, Milwaukee.

For the defendants-respondents there was a brief by *William W. Graper*, Milwaukee.

¶ 1.  JANINE P. GESKE, J.   Plaintiff Steven Burnett (Burnett), seeks review of a published decision of the court of appeals affirming an order of the circuit court for Milwaukee County, William J. Haese, judge. The order dismissed Burnett's cause of action for lack of personal jurisdiction over the Defendant, Claude Hill, d/b/a Sportsman's Lounge, and ABC Insurance Company (hereinafter "Hill").[1] The court of appeals held that Burnett's failure to authenticate the summons he served by publication was a fundamental error depriving the circuit court of personal jurisdiction over Hill. Although Burnett did not strictly comply with the statutory service requirements of § 801.02(3)(a) (1993–94),[2] we conclude that the defect is not fundamental and did not prejudice Hill. We therefore reverse the decision of the court of appeals, vacate the order of dismissal and remand to the circuit court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 2.   The procedural facts are not in dispute. Burnett filed an action for damages for personal injuries arising out of the alleged negligence of Hill. A summons and complaint against Hill were filed with the Milwau-

---

[1] *Burnett v. Hill*, 199 Wis. 2d 163, 544 N.W.2d 580 (Ct. App. 1996).

[2] All future references are to the 1993–94 volume unless otherwise indicated.

kee County Clerk of Courts on October 5, 1993 on behalf of Burnett. Both the summons and the complaint were authenticated with a file stamp and date-stamped.[3] Service was attempted on Hill six times, at both his last known residence and at his place of business, but to no avail. Burnett attempted to have Hill personally served on November 9, 1993, November 14, 1993, November 22, 1993, November 27, 1993, December 2, 1993, and December 4, 1993. In the course of those unsuccessful service efforts, Burnett published the summons for three successive weeks in The Daily Reporter, a public newspaper of general circulation, printed and published daily in the City of Milwaukee. The newspaper published the summons on November 30, 1993, December 7, 1993 and December 14, 1993. The summons as published included the case number assigned by the clerk of courts for Milwaukee County.

¶ 3.   Before or concurrent with the November 30, 1993 publication of the first summons under Wis. Stat. § 801.11(1)(c),[4] Burnett mailed an unauthenticated

---

[3] Pursuant to Wis. Stat. § 801.09(4), authentication is accomplished when the clerk of courts places a file stamp that indicates the case number on each copy of the summons and complaint.

[4] Wis. Stat. § 801.11 provides:

**Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

**(1)   Natural person.** Except as provided in sub. (2) upon a natural person:

(a)   By personally serving the summons upon the defendant either within or without this state. (b) If with reasonable diligence the defendant cannot be served under par. (1), then by leaving a copy of the summons at the defendant's usual place of abode;

114

copy of the publication summons and authenticated copies of the original summons and complaint to Hill's last known residence address and business address by certified and first class mail.[5] Hill acknowledged the receipt of those documents by signature on December 1, 1993. The typed copy of the publication summons mailed to Hill did not contain the case number assigned by the clerk of courts.

¶ 4. Hill's counsel filed a Notice of Retainer and Answer on December 7, 1993. In his answer, Hill asserted lack of personal jurisdiction as an affirmative defense. Consequently, on April 26, 1994, Hill filed a motion to dismiss the complaint, pursuant to Wis. Stat. § 802.06(2), for lack of personal jurisdiction.[6] At the

---

. . .

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

[5] The record before us does not contain an affidavit of mailing affirming that these three documents were mailed to Hill on or about November 30, 1993. Burnett makes this assertion in his brief, Petitioner's brief at 3, and Hill has not disputed the fact of mailing before any of the courts considering this matter. *See* Respondent's brief at 4. Similarly, the record does not contain any evidence of Hill's signed receipt of these three documents, but Hill has not disputed such receipt. In fact, Hill's counsel attached a copy of the unauthenticated typed publication summons to his Notice of Motion and Motion to Dismiss, filed on April 26, 1994. Record at 7:11. Thus, we accept these uncontested factual assertions as true.

[6] There is no indication in the record before us that any written or oral discovery was taken by the parties. Nor does it

hearing on that motion, the circuit court determined that the manner of service was defective, and thus the court had no personal jurisdiction over Hill. The circuit court dismissed the complaint, with prejudice, by order for judgment dated June 23, 1994. Burnett moved for reconsideration of the dismissal order on July 6, 1994. The court denied that motion. Burnett then appealed from both the judgment of June 23, 1994 and the order of July 11, 1994 denying his motion for reconsideration.[7]

¶ 5. The court of appeals affirmed the order of the circuit court on January 9, 1996. 199 Wis. 2d 163, 544 N.W.2d 580 (Ct. App. 1996). The appellate court agreed that the failure to authenticate the summons served by publication was a fundamental error that deprived the lower court of personal jurisdiction over Hill. 199 Wis. 2d at 171–73. In so ruling, the court of appeals also relied on the reasoning in *American Family Mut. Ins. Co. v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992), that where there is a failure to comply with Wis. Stat. § 801.02(1), that failure "consti-

appear that Burnett filed a written response to Hill's motion prior to his counsel's appearance at the May 31, 1994 hearing on the motion to dismiss.

[7] Burnett's notice of appeal, filed August 3, 1994, purports to appeal "from the whole of the Judgments entered on the 31st day of May, 1994, and July 11, 1994. . .wherein the Court granted defendant's Motion to Dismiss and dismissed plaintiff's complaint against said defendant." However, there is no judgment or order in the record before us reflecting the circuit court's denial of Burnett's motion for reconsideration. The parties have only provided us with a copy of the July 11, 1994 transcript from the motion for reconsideration hearing. Nevertheless, Hill does not challenge Burnett's basis to appeal from the judgment entered on June 23, 1994, before reconsideration was denied.

tutes a fundamental error which necessarily precludes personal jurisdiction regardless of the presence or absence of prejudice." 199 Wis. 2d at 168–69 (citing 167 Wis. 2d at 534). The court of appeals recognized that *American Family* and other cases cited by the parties dealt only with personal service of a summons, but proceeded to apply the same rule to this instance of service by publication.[8] We granted Burnett's petition for review on March 12, 1996.

## STANDARD OF REVIEW

■■■■

¶ 6.   The question before us is whether the typed publication summons must be authenticated before it is mailed along with authenticated copies of the original summons and complaint, in order to confer

---

[8] The court of appeals also relied on *Hafern v. Davis*, 10 Wis. 443 [*501], 445, [*502–03] (1860), which held that where an affidavit serving as the basis for an order for publication of summons was defective, the trial court did not have personal jurisdiction over the defendant. 199 Wis. 2d at 171. In *Hafern*, the court determined that certain allegations of fact required by the code of civil procedure then in effect, were missing from the affidavit for publication. 10 Wis. at 445 [*502–03]. The insufficiencies included a failure to state that the defendant departed from the state with intent to defraud his creditors or to avoid service, or that he ever resided in the state. *Id.* The affidavit also included statements made on information and belief, contradicting the existing rule requiring the best evidence available. *Id.* at 446 [*504]. The affidavit was further flawed for failing to include the names of informants. *Id.* at 447 [*504].

We do not find the *Hafern* decision helpful to our analysis here. The decision predates the fundamental/technical error analysis invoked by the *American Family* court. *American Family Mut. Ins. Co. v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992).

personal jurisdiction on the circuit court. Determining what constitutes service by publication under Wis. Stat. § 801.11 involves statutory interpretation. *See Gaddis v. LaCrosse Products, Inc.*, 198 Wis. 2d 396, 401, 542 N.W.2d 454 (1996) (determining the required contents of a summons under Wis. Stat. § 809.09(3) involves statutory interpretation). Determining what constitutes "authentication" under Wis. Stat. § 801.02 also involves statutory interpretation. *American Family*, 167 Wis. 2d at 529. These are questions of law that we review independently of the lower courts. *Gaddis*, 198 Wis. 2d at 401. When we interpret a statute, we first look to the language of the statute itself. *Kellner v. Christian*, 197 Wis. 2d 183, 190, 539 N.W.2d 685 (1995). If the meaning of a statute is clear, we will not look outside the statute to ascertain its meaning. *Id.* Instead, we will simply apply the plain meaning of the statute to the facts before us. *Id.* The complainant has the burden to prove that there was no defect in the summons, or if there was a defect, that it was technical and not fundamental, and did not prejudice the defendant. *American Family*, 167 Wis. 2d at 533.

¶ 7.    Our statutes provide that if a complainant is unable to achieve personal service of a summons on a defendant after reasonable diligence, service by publication is permitted.[9] There is no assertion here that Burnett did not properly file and authenticate the orig-

---

[9] Wis. Stat. § 801.02 provides:

**Commencement of an action. (1)**  A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

. . .

inal summons and complaint, pursuant to Wis. Stat. § 801.02(1) and 801.02(3). Nor is there any dispute that Burnett made several attempts to personally serve defendant Hill with the authenticated summons and complaint, pursuant to those same statutory provisions. The issue here is whether, once Burnett deemed that his efforts at personal service were unavailing, he effectively served Hill by successfully mailing an unauthenticated publication summons together with authenticated copies of the original summons and complaint. Sections 801.02(3)(a) and 801.11(1)(c), Wis. Stats., govern service of summonses by publication.

## ARGUMENTS OF THE PARTIES

¶ 8. Burnett argues that the court of appeals' decision should be reversed for two reasons. First, he contends that Wis. Stat. §§ 801.02(3)(a) and 801.11(1)(c) do not require that the publication summons be mailed. Rather, Burnett reads the statutes to require only that the original authenticated summons and complaint be mailed.

¶ 9. Secondly, Burnett argues that if the legislature had required that an authenticated copy of the publication summons be mailed to respondent in addition to mailing authenticated copies of the summons and complaint, the statute would clearly state as much. Burnett asserts that Wis. Stat. § 801.09(4) does not

---

(3) The original summons and complaint shall be filed together. The authenticated copies shall be served together except:

(a) In actions in which a personal judgment is sought, if the summons is served by publication, only the summons need be published, but a copy of the complaint shall be mailed with a copy of the summons as required by s. 801.11, and;...

(4) No service shall be made under sub. (3) until the action has been commenced in accordance with sub. (1) or (2).

require authentication by the clerk of court when a complainant prepares to undertake service by publication.[10]

¶ 10.  Hill responds to Burnett's argument by relying on *American Family*. Hill asserts that a failure to authenticate the publication summons is a fundamental defect which deprives the circuit court of personal jurisdiction. First, Hill contends that it follows from Wis. Stat. § 801.02(3)(a) and Wis. Stat. § 801.09 that the publication summons must be authenticated. Hill reasons that because Wis. Stat. § 801.09 makes no distinction between the manner of service and the need for authentication, the requirement for authentication of the summons applies to whichever manner of service is ultimately used. Hill also relies on a court of appeals decision, *Studelska v. Avercamp*, which ruled that if a person is served with an unauthenticated copy of the summons, that service was improper. 178 Wis. 2d 457, 464–465, 504 N.W.2d 125 (Ct. App. 1993).

¶ 11.  We agree with Hill that the plain language of Wis. Stat. § 801.02(3)(a) requires that a publication summons be authenticated before publication and mailing. In addition, Wis. Stat. §  801.11(1)(c) requires that "service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post office address is known,. . .there

---

[10] Wis. Stat. § 801.09(4) provides:

**Summons, contents of.** There may be as many authenticated copies of the summons and complaint issued to the plaintiff or counsel as are needed for the purpose of effecting service on the defendant. Authentication shall be accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and the complaint.

shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint." As with Wis. Stat. § 801.02(3)(a), we interpret the plain meaning of that provision to require that the publication summons published and mailed to the defendant be authenticated.

¶ 12. We further agree with Hill, and Burnett virtually concedes, that Burnett did not comply with the authentication requirement. His failure to authenticate the publication summons constituted a defect in service. Our task then becomes one of determining whether the defect is a "fundamental error" that deprives the circuit court of personal jurisdiction over the defendant, or if the defect is merely a "technical error." Whether a defect is fundamental or technical is a question of law that we review without deference to the lower courts. *Dungan v. County of Pierce*, 170 Wis. 2d 89, 93, 486 N.W.2d 77 (Ct. App. 1992) (citing *American Family*, 167 Wis. 2d at 529). If the error is merely technical, we look to see whether the complainant has established that the defendant was not prejudiced by such error. *Gaddis*, 198 Wis. 2d at 401–02.

## FUNDAMENTAL ERROR

¶ 13. We considered the nature of defects in the form and service of summons and complaints in *American Family*, 167 Wis. 2d at 532–33. There we discerned two series of cases analyzing whether such defects are fatal to personal jurisdiction. One line of cases stressed strict statutory compliance and the other made room for non-prejudicial technical errors. *Id.* at 530. After reviewing those cases, we were unable to reconcile the two analytical approaches, but ultimately favored the

logic of distinguishing between "fundamental" and "technical" errors. *Id.* at 533.

¶ 14.  In *American Family*, we said that "fundamental errors" are those where there is a failure to meet the burden set out in Wis. Stat. § 801.02(1). *Id.* at 533. In other words, it is a fundamental error when the complainant fails to file a summons and complaint naming the defendant, when the copy served upon the defendant is not authenticated, or when the service of the authenticated copy of the summons and complaint is not made within 60 days after filing. *Id.* at 533–34; *see also DNR v. Walworth County Bd. of Adjustment*, 170 Wis. 2d 406, 417–18, 489 N.W.2d 631 (Ct. App. 1992). Further, we held that compliance with the statute, and not "substantial compliance," is the proper test. *American Family* at 534. Thus we concluded there that the complainant had squarely failed to meet its burden under Wis. Stat. § 801.02(1) when it failed to give the clerk of courts the opportunity to authenticate a photocopy of the authenticated summons and complaint. *Id.* at 535.

¶ 15.  Citing to *American Family*, the court of appeals later agreed that failing to personally serve a defendant with an authenticated copy of the summons was a "fundamental error." *Studelska v. Avercamp*, 178 Wis. 2d 457, 460, 465, 504 N.W.2d 125 (Ct. App. 1993). However, whether service of an unauthenticated summons was a fundamental error was not the question before the *Studelska* court, because the plaintiffs there had conceded fundamental error. *Id.* at 460. Rather, the question was whether such an error can be waived if not properly raised by defendant in a motion or pleading. *Id.* Thus, *Studelska* does not assist in our analysis of whether the alleged defect here was fundamental.

¶ 16. When interpreting a statute prescribing the manner of service, we keep in mind the purpose of the statute and the type of action to which the statute relates. *Big Valley Farms, Inc. v. Public Service Corp.*, 66 Wis. 2d 620, 623, 225 N.W.2d 488 (1975). The purpose of a summons is to provide notice to the defendant(s) and to confer personal jurisdiction on the circuit court. *American Family*, 167 Wis. 2d at 530. The purpose of authentication is to provide assurance to those served with the summons that the copies served are true copies of documents filed with the court, and to provide a case number for future proceedings in the matter. *Id.* In other words, when a defendant is served with a summons, the authentication on the face of the summons indicates that the summons is backed up by a complaint duly filed with the clerk of court.

¶ 17. The defective service in *American Family* arose when a defendant insurance company personally served another defendant insurance company with unauthenticated photocopies of the plaintiff's authenticated summons and complaint and the insurance defendant's cross-claim. In all, the defendant in the cross-claim received three unauthenticated copies of pleadings, and no authenticated copies of either the summons, complaint or cross-claim. 167 Wis. 2d at 527–28. We held in *American Family* that the error was fundamental because the manner of service did not comply with the clear requirements of Wis. Stat. § 801.02(1).

¶ 18. However, at least one appellate court has said that strict compliance with the statutory form of the summons is not required, at least when the statute does not specify the form of the summons when the action is commenced by a pro se litigant. *Dungan*, 170

123

Wis. 2d at 97. Further, the court of appeals has also said that if the summons clearly informs the defendant that it is intended for him or her and that it requires an answer to the complaint, the notice requirement is satisfied. *Bulik v. Arrow Realty, Inc. of Racine*, 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988).

¶ 19.　More recently we have said that a summons is a form document which simply gives notice to the defendant that an action has been commenced against him or her. *Gaddis v. LaCrosse Products, Inc.* 198 Wis. 2d 396, 405. There we reviewed the legislative history of Wis. Stat. § 801.09(3) and concluded that the purpose of a summons does not go beyond mere notice. *Id.* at 406.

¶ 20.　In *Gaddis*, we considered whether an unsigned summons,[11] accompanied by a signed complaint, constituted a fundamental defect depriving the circuit court of personal jurisdiction over the defendant. *Id.* at 399. We considered the purpose of the signature requirement of Wis. Stat. § 802.05, and deemed that such purpose was fulfilled where a signed complaint was served along with the summons. *Id.* at 405. Thus, we concluded that the defect was merely technical, and accepted the defendant company's concession that it was not prejudiced by receipt of an unsigned summons. We therefore reversed the order of dismissal. *Id.* at 408.

¶ 21.　The court of appeals decision in this case was filed ten days before we rendered our decision in

---

[11] There was no dispute in *Gaddis* as to the manner of service. Because the summons and complaint were served together, *Gaddis v. LaCrosse Products, Inc.*, 198 Wis. 2d 396, 399, 542 N.W.2d 454 (1996), we can assume that service there was other than by publication.

*Gaddis*. We conclude that the analysis in *Gaddis*, focusing as it does on the purpose of the statute, informs our decision here. Thus, we conclude that Burnett's mailing of an unauthenticated copy of the publication summons along with authenticated copies of the original summons and complaint, although not in strict compliance, fulfilled the purpose of Wis. Stat. §§ 801.02(3)(a) and 801.11(1)(c). Such service was not a fundamental error.

¶ 22.   Because the defect here is only a technical error, we consider whether Burnett has established a lack of prejudice to Hill.

## PREJUDICE

¶ 23.   As a preliminary matter, Hill argues that an additional basis exists for affirming the order of dismissal. He contends that Burnett failed to meet his burden of proof under *American Family* to establish that Hill was not prejudiced by the technical defect. Hill first asserts that Burnett's failure to respond in writing to Hill's motion to dismiss constituted a waiver of Burnett's right to respond to that motion under the Local Rule 364.[12] Second, Hill contends that because Burnett made no showing of lack of prejudice at either the May 31, 1994 hearing on the motion to dismiss, or at the July 11, 1994 motion for reconsideration, such failure to meet a burden of proof is, by default, prejudicial to Hill.

---

[12] Local Rule 364 of the Rules for the First Judicial District, State of Wisconsin (Nov. 11, 1996), states in pertinent part:

**364.   SUMMARY JUDGMENT AND DISMISSAL MOTIONS**

(b)   A respondent shall have 15 days from the receipt of the movant's motion within which to serve and file an opposing brief or supporting documents.

¶ 24.    We disagree. Nowhere does Local Rule 364 address waiver of a right to respond if the non-movant does not file a written response to the motion. Nor do our statutes command that a right of response is waived if the non-movant responds in person before the court, but submits no written response prior to the hearing. *See* Wis. Stat. §§ 802.06(4), 801.08(1). Hill does not assert that Burnett failed to respond at all to his motion for dismissal, as Burnett's counsel appeared at the May 31, 1994 motion hearing and argued to the court that the manner of service here conferred personal jurisdiction on the circuit court. Burnett's conduct did not constitute a waiver of his right to respond to Hill's motion.

¶ 25.    We must decide whether Burnett has sufficiently established a lack of prejudice to Hill. In determining whether a technical error has prejudiced a defendant, we bear in mind the legislature's instruction that we disregard a defect which does not affect the substantial rights of the party asserting error. Wis. Stat. § 805.18.[13] *See also Gaddis*, 198 Wis. 2d at 407. We have declined to find prejudice in a case factually similar to the case now before us. *Schlumpf v. Yellick*, 94 Wis. 2d 504, 288 N.W.2d 834 (1980). There, the original summons and complaint were stamped with one file number, but the amended summons and complaint had a different case number typed on them. Some misfiling at the clerk of courts office resulted, but the error was later corrected by the circuit court. 94

---

[13] Wis. Stat. § 805.18(1) provides:

The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.

Wis. 2d at 510. We ruled that the misfiling did not prejudice the defendants because they had acquired all of the information necessary to timely respond to the complaint. *Id.* Thus we held that the wrong filing number on the amended summons and complaint did not operate to preclude commencement of the action. *Id.* at 511.

¶ 26.   In an early case involving service by publication, this court ruled that the receipt of a summons and complaint by mail to a non-resident defendant constituted service for the purpose of determining when the suit had commenced. *Diedrichs v. Stronach*, 9 Wis. 500 [*548], 501 [*549] (1859). There, the plaintiff had attempted service by publication. The order of publication of summons had been made and publication had commenced, but had not been completed at the time the defendant received the pleadings in the mail. While not applying a prejudice analysis per se, the court concluded that because the defendant appeared in the suit after receipt of the summons and complaint in the mail, and before the time for publication had lapsed, service was deemed effective at the time of receipt. *Id.*

¶ 27.   In neither the *Diedrichs* nor the *Schlumpf* case were the substantial rights of the defendant affected by the technical error in service. Nor is a substantial right of Hill affected by the technical failure of Burnett to serve Hill with an authenticated publication summons. By virtue of receiving the authenticated copies of the summons and complaint and the unauthenticated copy of the publication summons simultaneously, Hill acquired all of the information necessary for him to timely respond to Burnett's complaint. Hill's attorney appeared in the suit after his receipt of the summons and complaint by mail, and before publication ceased.

¶ 28. In this case, we hold that, as a matter of law, Hill was not prejudiced by Burnett's unsuccessful attempt under Wis. Stat. §§ 801.02(3)(a) and 801.11(1)(c). Burnett mailed to Hill authenticated copies of the summons and complaint at the same time he mailed an unauthenticated copy of the publication summons. The summons actually published in the newspaper bore the case number. Thus, three of the four documents served on Hill contained the case number designated by the clerk of court for Milwaukee County. Each of the four documents informed him that Burnett had filed an action against him, and that a response was required of Hill.

¶ 29. While we hold here that Burnett's actions did not technically comply with Wis. Stat. §§ 801.02(3)(a) and 801.11(1)(c), we take this opportunity to continue to urge attorneys practicing in Wisconsin to follow the statutorily prescribed procedures for service of a summons and complaint. We warned in *Howard v. Preston*, 30 Wis. 2d 663, 669, 142 N.W.2d 178, 182 (1965), that "[s]lipshod and haphazard attempts to serve are not sufficient." Burnett's manner of service here, while not good practice, fulfilled the purpose of notice and was sufficient to confer personal jurisdiction on the circuit court.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded with directions to vacate the order of dismissal.