277 Wis.2d 421 (2004)
2004 WI App 219
689 N.W.2d 692
James LOGIC, Plaintiff-Appellant,[]
v.
CITY OF SOUTH MILWAUKEE BOARD OF CANVASSERS, Defendant-Respondent,
David KIECK, Intervenor-Respondent.
No. 04-1642.
Court of Appeals of Wisconsin.
Submitted on briefs October 6, 2004.
Decided October 19, 2004.
On behalf of the plaintiff-appellant, the cause was submitted on the briefs of Basil M. Loeb, Mequon.
On behalf of the defendant-respondent, the cause was submitted on the brief of Joseph G. Murphy, South Milwaukee. Intervenor-respondent represented by Michael S. Maistelman, Milwaukee, joins in the brief of defendant-respondent.
*424 Before Wedemeyer, P.J., Fine and Curley, JJ.
*423 ¶ 1. FINE, J.
James Logic, a candidate for mayor of the City of South Milwaukee in the April 6, 2004, election, appeals the circuit court's dismissal of his action contesting a recount by the City of South Milwaukee Board of Canvassers. The circuit court held that Logic's failure to serve his notice of appeal on the other and, according to the Board of Canvassers, successful, mayoral candidate meant that the court had no jurisdiction over the appeal. We affirm.[1]

I.
¶ 2. Both Logic and the then incumbent, David Kieck, ran for mayor of South Milwaukee. The initial tally had them tied at 2,783 votes apiece. Kieck sought a recount under WIS. STAT. § 9.01. As a result of that recount, the Board of Canvassers determined that Kieck won by one vote. Logic, contending that the Board of Canvassers erred in the recount, sought review by the circuit court. See WIS. STAT. § 9.01(6)(a). Section 9.01(6)(a) provides, as material to this appeal:
Within 5 business days after completion of the recount determination by the board of canvassers ... any candidate ... may appeal to circuit court. The appeal shall commence by serving a written notice of appeal on the other candidates.... The appellant shall serve the notice by certified mail or in person.
Logic did not serve Kieck either personally or by certified mail, and, as noted, the circuit court dismissed Logic's appeal. Our review is de novo. See Burnett v. Hill, 207 Wis. 2d 110, 118, 557 N.W.2d 800, 803 (1997).

*425 II.

A. "Fundamental" versus "Technical" Defect.

¶ 3. Failure to follow statutory requirements in commencing an action, serving a party, or taking an appeal deprives the court from which relief is sought of jurisdiction over the action, party, or appeal if the defect of process is "fundamental" rather than merely "technical." See American Family Mut. Ins. Co. v. Royal Ins. Co., 167 Wis. 2d 524, 533, 481 N.W.2d 629, 632 (1992). A defect is "fundamental" if it defeats "the purpose of the rule." Jadair Inc. v. United States Fire Ins. Co., 209 Wis. 2d 187, 208, 211-213, 562 N.W.2d 401, 409, 411 (1997) (overriding purpose of preventing non-lawyers from practicing law rendered ineffective a notice of appeal filed on corporation's behalf by its non-lawyer president); Burnett, 207 Wis. 2d at 123-125, 557 N.W.2d at 805-806 ("mailing of an unauthenticated copy of the publication summons along with authenticated copies of the original summons and complaint, although not in strict compliance, fulfilled the purpose" of statute and was, therefore, a "technical" defect); Gaddis v. LaCrosse Prods., Inc., 198 Wis. 2d 396, 405-407, 542 N.W.2d 454, 457-458 (1996) (serving unsigned summons together with signed complaint was "technical" defect because purpose of summons is to give notice only and that the unsigned summons did); American Family, 167 Wis. 2d at 535, 481 N.W.2d at 633 (service of unauthenticated photocopy of authenticated summons and complaint was fundamental defect).
¶ 4. The purpose of WIS. STAT. § 9.01(6)(a)'s requirement that a vote-recount appeal to the circuit court be served "on the other candidates" is to give them *426 notice of the appeal so they can seek to protect their interests. Failure to comply with this requirement defeats that purpose and is thus "fundamental." See Jadair, 209 Wis. 2d at 208, 562 N.W.2d at 409. Thus, that Kieck knew about the appeal, and sought and was permitted by the circuit court to intervene in Logic's appeal of the recount is immaterial to the validity of that appeal. See id., 209 Wis. 2d at 212-213, 562 N.W.2d at 411 ("once we determine that a defect is fundamental, we need not consider prejudice"); American Family, 167 Wis. 2d at 530, 481 N.W.2d at 631 ("[A]ctual notice alone is not enough to confer jurisdiction upon the court. Service must be made in accordance with the manner prescribed by statute.") (internal quotation marks and quoted source omitted).

B. "Directory" versus "Mandatory."
¶ 5. Logic argues that because election laws are generally interpreted as directory rather than mandatory, in order to preserve the electorate's will, see WIS. STAT. § 5.01(1); Gradinjan v. Boho, 29 Wis. 2d 674, 682, 139 N.W.2d 557, 561 (1966), strict compliance with WIS. STAT. § 9.01(6)(a) is not required. We disagree.
¶ 6. The "will of the electorate" rule is designed to ensure that an elector's vote will be counted even though there has been noncompliance with the election law as long as the defect is de minimis. Roth v. LaFarge Sch. Dist. Bd. of Canvassers, 2004 WI 6, ¶¶ 19-27, 268 Wis. 2d 335, 348-351, 677 N.W.2d 599, 605-607; Roth v. LaFarge Sch. Dist. Bd. of Canvassers, 2001 WI App 221, ¶¶ 27-37, 247 Wis. 2d 708, 726-733, 634 N.W.2d 882, 889-893. As we have seen, however, the fundamental purpose of WIS. STAT. § 9.01(6)(a) is to guarantee that *427 "other candidates" have notice of a recount-appeal filed by a candidate; this is an electorate-will neutral requirementno vote's validity is affected directly by the application of § 9.01(6)(a). Accordingly, the will-of-the-electorate rule does not apply here.
¶ 7. Moreover, as Gradinjan recognizes, even under the "will of the electorate" rule votes will be discarded despite the apparent good faith of the electors if noncompliance with the election law is not de minimis. See id., 29 Wis. 2d at 682-683, 139 N.W.2d at 562 (requirement that absentee ballots bear either the name or the initials of the town clerk is to prevent possible fraud; thus, absentee ballots without either the town clerk's name or initials may not be counted). This is consistent with the "fundamental defect"/"technical defect" analysis of irregularities in commencement of either an action or appeal. WISCONSIN STAT. § 9.01(6)(a)'s requirement that those challenging recounts serve "other candidates" is, as we have seen, a core protection that is hardly de minimis. Thus, in the terminology of the election-law cases upon which Logic relies, § 9.01(6)(a)'s command that "other candidates" be served with the appeal is mandatory rather than directory.

C. Service on City Clerk.

¶ 8. In a one-paragraph and undeveloped argument, Logic contends that service of the appeal was made on Kieck because, as recounted in an affidavit submitted to the circuit court by a law clerk employed by the law firm representing Logic, the law clerk "personally served the City of South Milwaukee Board of Canvassers and Mayor David Kieck, by serving the *428 Notice of Appeal in the above-captioned action on Jacqueline Johnson, in her official capacity as the City Clerk for the City of South Milwaukee." Without citation to authority other than WIS. STAT. RULE 801.11(1)(d), which provides that personal service on a defendant may be made "by serving the summons . . . upon an agent authorized by appointment or by law to accept service of the summons for the defendant," Logic argues that service on Johnson was service on Kieck because he was the City's mayor at the time. We disagree. Kieck's persona in the contested election was qua candidate not mayor; he was running for office in his personal, not his official, capacity. Although Johnson might have been a proper person to serve if Kieck were being sued in his official capacity for some act done or not done as mayor, she was not the proper person to serve here because there is nothing in the record that indicates that Kieck had either authorized or appointed her to accept service for him in his capacity as a candidate. See Useni v. Boudron, 2003 WI App 98, ¶ 11, 264 Wis. 2d 783, 791-792, 662 N.W.2d 672, 676-677 (person who is named in a dual capacity must be properly served in each capacity).

III.
¶ 9. The circuit court properly determined that it lacked jurisdiction over Logic's appeal because Logic did not personally serve Kieck as required by WIS. STAT. § 9.01(6)(a). Accordingly, we do not address either Logic's contention that the circuit court erred in permitting Kieck to intervene in the action, or Logic's argument that the Board of Canvassers improperly gave the election to Kieck. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); State v. Blalock, 150 Wis. 2d *429 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").
By the Court.Judgment affirmed.
NOTES
[] Petition to review dismissed.
[1] This is an expedited appeal under WIS. STAT. RULE 809.17.