STATE of Wisconsin, Respondent-Petitioner,

v.

Robert POLINSKI, Appellant.

Supreme Court

*No. 79–190–CR. Submitted on briefs April 2, 1980.— Decided May 6, 1980.*

(Also reported in 291 N.W.2d 465.)

For the respondent-petitioner the cause was submitted on the brief of *E. Michael McCann,* district attorney of

Milwaukee county, and *Grace M. Figg,* assistant district attorney.

For the appellant the cause was submitted on the brief of *Joseph Radtke* of Milwaukee.

HEFFERNAN, J.   On October 7, 1978, Robert Polinski, the defendant in this action, after being involved in a traffic accident, was arrested by a police officer of the City of Milwaukee and issued a citation for operating a motor vehicle while under the influence of an intoxicant, contrary to sec. 346.63, Stats.   The officer took Polinski to the police station and asked him to submit to a chemical test for intoxication.   Polinski refused.

The officer complied with all of the requirements set forth in sec. 343.305(1), (2), and (3), Stats., with the sole exception that the subsequent revocation hearing did not demonstrate his compliance with sec. 343.305(3)(b). That subsection in the part relevant here states that "The officer shall promptly submit copies of the notice to the department, the district attorney and the court specified . . . ."

It is conceded that the notice of intent to revoke the operator's license was given to Polinski immediately and was in the proper form.

At the court hearing, requested by Polinski, the evidence failed to prove that copies of the notice were submitted to the Department of Transportation and to the district attorney.   Although there was also failure to prove that a copy of the notice had been submitted to the court, the court took judicial notice of the fact that the court's copy of the notice was in its files.   In respect to the defendant, all of the statutory elements necessary for the revocation of a driver's license were proved.

The only question posed on this review is whether the state's failure to prove the arresting officer's compliance with the quoted portion of sec. 343.305(3)(b), Stats.,

*supra,* vitiates an otherwise legally sufficient proceeding to revoke a driver's license. We conclude that the failure to prove the prompt submission of those copies of the notice did not impair the legal effect of the revocation proceedings. Accordingly, we reverse the decision of the court of appeals[1] and affirm the order of revocation entered by the circuit court.

The trial court correctly pointed out that the due process rights of the defendant were fully protected by giving him notice of the revocation proceedings. The court held that the failure to prove prompt submission of copies of the notice to the department and the district attorney was not fatal to the revocation proceedings because that requirement was procedural only. The court's order revoking Polinski's license for a period of six months was appealed to the court of appeals. The court of appeals judge reasoned:

". . . sec. 343.305 (8) (b) (1) (b), Stats. is clear and unambiguous that the state is required to prove the elements listed in sec. 343.305 (3), Stats., before a revocation may be ordered. Since the state did not prove that copies of the notice of intent to revoke the license were properly submitted, the conviction of the appellant [Mr. Polinski] was invalid."

We agree with the circuit court and conclude that the requirement in sec. 343.305 (3) (b), Stats., that copies of the revocation notice be sent to various state officers is a procedural and administrative regulation and has no bearing on the principal question at the revocation hearing: Whether the defendant's refusal to honor the consent previously made to submit to chemical testing was legally excusable.

The general structure of the statute contemplates that any person who operates a motor vehicle upon the public

---

[1] The unpublished one-judge opinion of the court of appeals was filed on June 28, 1979.

highways of the state, by such operation, gives implied consent to chemical testing for intoxication when arrested under the circumstances set forth in the statute. The failure to take the test triggers the sanction of a six-month revocation of an operator's privilege. Section 343.305(3)(b), Stats., provides:

"If the person refuses the request of a law enforcement officer to submit to a test under sub. (2), the officer shall immediately prepare a notice of intent to revoke the person's operating privilege under sub. (9) and give a copy of the notice to the person. The officer shall promptly submit copies of the notice to the department, the district attorney and the court specified under subd. 4. . . ."

The essence of this provision is the preparation of the notice of intent to revoke the person's operating privilege and the immediate service of a copy of that notice upon the arrested person. It is the giving of the notice to the person charged that satisfies due process. The provision in respect to giving notice by submission of the copies to the department, the district attorney, and the court has nothing to do with due process and clearly is for administrative purposes only. Immediate notice to those parties is not required.

On the basis of these statutes, we conclude that compliance with giving of notice to persons and departments other than the defendant is ancillary to the fundamental purpose of the statute, is administrative in nature, and is not jurisdictional. Jurisdiction for the hearing is conferred when notice is given to the arrested person.[2] The defendant in a revocation proceeding has no standing to attack the failure of the arresting officer to submit copies of the notice of hearing to the department, the district attorney, or the court. No rights of the defend-

---

[2] Sec. 343.305(3)(b)7(c), Stats., provides that jurisdiction of the court over the person is given by giving a copy of the notice to the person involved.

ant are impaired by the failure to promptly submit the additional copies. The accused person is not aggrieved by the failure, and for that reason cannot object to the proceedings. The additional copies are intended only for the purpose of facilitating the administration of the department, the district attorney's office, and the courts. Whether or not those copies are submitted has no effect upon the rights of the defendant.

Were the additional copies not submitted to the other addressees, they might have reason to object because notice was not timely given to them. In the instant case, however, all parties were at the scheduled hearing and were prepared to proceed. To hold that the failure to prove submission of the copies to the additional addressees constitutes a fatal defect warranting a dismissal of the revocation proceedings would exalt form over substance and would undermine the purpose of the implied consent law. The decision of the court of appeals must be reversed and the order of revocation of the circuit court must be allowed to stand.

*By the Court.*—Decision reversed.