STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard E. MOLINE, Defendant-Appellant.

Court of Appeals

*No. 91–2622. Submitted on briefs July 21, 1992.—Decided August 12, 1992.*

(Also reported in 489 N.W.2d 667.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark S. Knutson* and *Michael C. Witt* of *William A. Pangman & Associates, S.C.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Steven J. Watson,* assistant district attorney.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J. In this case involving a refusal to submit to an implied consent blood alcohol test, the officer did not immediately prepare and serve a Notice of Intent to Revoke form following refusal. There are two issues: Does the statute so mandate? If so, does eventual service provide sufficient notice to satisfy due process and give the court personal jurisdiction? We hold that, although the statute contemplates immediate preparation and service following refusal, it is directory, not mandatory. So long as a defendant has received notice and a chance to be heard, due process is not offended and, therefore, the court has personal jurisdiction. We affirm.

Richard E. Moline was arrested on June 25, 1991 for operating a motor vehicle while intoxicated. The officer read Moline the Informing the Accused form and asked Moline if he would agree to take a blood alcohol test. Moline refused. The officer then took Moline's driver's license, as provided by law, and gave Moline a receipt, which receipt allowed Moline to drive until the "period of revocation" commenced. The officer did not, however, prepare a Notice of Intent to Revoke form until June 27, and the form was not served upon Moline until July 1.

The Notice of Intent form says that a person may request a hearing on the refusal within ten days "of the date of this notice." The date of the notice in this case was July 1. On July 11, the last day of the ten-day notice period, Moline requested a hearing.

Prior to the refusal hearing, Moline moved to dismiss for lack of personal jurisdiction. He maintained that the officer was mandated by statute to prepare and

serve a Notice of Intent form on him immediately following his refusal. He argued that the failure to follow this mandate violated due process and meant that the court was without jurisdiction over him. The trial court denied the motion, heard the testimony, found that Moline improperly refused and ordered revocation of his license. Moline appeals.

The relevant portion of the current implied consent statute is sec. 343.305(9)(a), Stats., which reads in pertinent part:

> If a person refuses to take a test under sub. (3)(a), the law enforcement officer shall *immediately take possession of the person's license and prepare a notice of intent to revoke . . . the person's operating privilege.*
> . . .
>
> The officer *shall issue* a copy of the notice of intent to revoke the privilege to the person and submit or mail a copy *with the person's license to the circuit court for the county in which the refusal is made. . . .* [Emphasis added.]

The underlined portions of the current sec. 343.305(9)(a) represent amendments from the statute's previous version, when it was numbered as sec. 343.305(3)(b).

Moline asks us to interpret the statute to mean that, following a refusal, the officer must immediately take possession of the person's license *and* immediately prepare a notice of intent to revoke; he also asks us to read the statute to require immediate service of a copy to the person. He argues that this requirement is a prerequisite for court jurisdiction over him and that failure to follow this statute strictly voids the sanction for refusing the blood alcohol test.

The state requests that we interpret the statute to mean that although the officer must immediately take

possession of a person's license, there is no requirement that the officer *immediately* prepare the Notice of Intent or that the officer *immediately* serve the notice. Instead, the state argues that it is sufficient that preparation and service eventually be made upon the person. Even if the statute is read to require immediate preparation and service, the state asserts that failure to do so is not a jurisdictional defect. Rather, due process is satisfied so long as notice is eventually given and the same time period is allowed to request a hearing that would have been allowed had notice and service been prompt.

Interpretation of a statute is a question of law. *State v. Peterson,* 163 Wis. 2d 800, 802, 472 N.W.2d 571, 572 (Ct. App. 1991). We interpret the statute without deference to the trial court. *Id.* at 802, 472 N.W.2d at 572-73.

The earlier version of the statute in question was interpreted by our supreme court in *State v. Polinski,* 96 Wis. 2d 43, 291 N.W.2d 465 (1980). In that case, there was no dispute that the arresting officer immediately prepared and served the Notice of Intent to Revoke on the defendant following refusal. Rather, Polinski asserted that the officer's failure to send copies of the notice to various state officers, also required by sec. 343.305(3)(b), Stats., deprived the court of jurisdiction.

The supreme court held that the notice requirement to other state officers was for administrative purposes only and had nothing to do with due process to the defendant. *Polinski,* 96 Wis. 2d at 46, 291 N.W.2d at 466. Therefore, immediate notice to those parties was not a necessary prerequisite to personal jurisdiction. *Id.* The court also interpreted the statute to say that:

> The essence of this provision is the preparation of the notice of intent to revoke the person's operating privilege and the immediate service of a copy of that

536

> notice upon the arrested person. It is the giving of the notice to the person charged that satisfies due process.

*Id.* The supreme court thus construed the statute to mandate immediate preparation of the notice of intent and immediate service of a copy upon the defendant. In our view, the construction was based upon the plain and unambiguous wording of the statute.

Now that the wording of the statute has been changed, the question is whether the same construction made in *Polinski* holds for the changed statute. Moline says "yes," but the state contends that the change in placement of the word " 'immediately' . . . suggests the legislature intended to change both the law and the court's interpretation of that law."

■

We hold that the new statute raises an ambiguity which was not present in the previous statute. Two alternative but equally reasonable meanings can be derived upon reading the new statute. On the one hand, the statute can be read to still require immediate preparation and service of the Notice of Intent to Revoke form following refusal. On the other hand, the statute can be interpreted to mean that following refusal, the notice must be prepared and served, but that it does not have to be done immediately.

■

When a statute is ambiguous, resort to legislative history and other methods of statutory construction may be used to discern the intent of the legislature. *See State v. Bruckner,* 151 Wis. 2d 833, 844–45, 447 N.W.2d 376, 381 (Ct. App. 1989). Our research discloses that the revision was an outgrowth of the legislature's desire to effectuate a public policy implementing the requirements of the federal Commercial Motor Vehicle Safety Act of

1986, 49 U.S.C. §§ 2701–2716. *See* sec. 1, 1989 Wis. Act 105. One of the goals of the act is to remove problem drivers from the highway. By adding to the statute the clause "take possession of the person's license" after the words "shall immediately," the legislature was implementing this public policy. Thus, the reason for the additional language was geared to immediately begin the process by which problem drivers will be removed from the road. The change was not indicative of a desire by the legislature to change the immediate preparation requirement. In other words, the word "immediately" was not "moved," as the state contends; rather, a clause was inserted after the word "immediately." The word "immediately" has basically stayed in place.

The state then suggests that, even if an immediate preparation requirement is present in the statute, immediate "service" is not. The state observes that "the language concerning service does not even appear in the same sentence as the language concerning seizure of the person's license."

■

We agree with Moline, however, that this argument must fail. It would be incongruous for the legislature to require immediate preparation of the notice, but not immediate service of it as well. To require officers to prepare a form immediately but not give a copy of the form immediately to the person it is intended to benefit is absurd. "Absurd results or interpretations are to be avoided." *State v. Gould,* 56 Wis. 2d 808, 812, 202 N.W.2d 903, 905 (1973). Moreover, immediate service coincides with another legislative policy behind the statutory change, which is to work toward a uniform national system of license suspension. *See* Legislative Reference Bureau Analysis for 1989 A.B. 605. We reject the state's argument here. We hold that the interpreta-

538

tion made by our supreme court in *Polinski* is still viable under the changed statute.

The next question is whether the failure to follow the legislative directive that the form be prepared immediately and a copy served means that there was inadequate process such that the trial court lacked jurisdiction over Moline. Moline's argument is as follows: *In personam* jurisdiction is a necessary requirement before a court may lawfully exercise its authority over an individual. *See* secs. 801.04(2) and 801.11(1)(d), Stats. Wisconsin rules of civil procedure apply because the refusal action is either a civil action or a special proceeding. *See* sec. 801.01, Stats. These civil procedure rules require that "[t]he service of a summons *in a manner prescribed by statute* is a condition precedent to a valid exercise of personal jurisdiction." *Danielson v. Brody Seating Co.,* 71 Wis. 2d 424, 429, 238 N.W.2d 531, 533 (1976) (emphasis added). If the court lacks personal jurisdiction, then any judgments rendered by it against the complaining party are void. *Pettygrove v. Pettygrove,* 132 Wis. 2d 456, 461, 393 N.W.2d 116, 119 (Ct. App. 1986). Only immediate preparation and service of a copy of the Notice of Intent to Revoke constitute adequate service in the manner prescribed by statute.

When a court's jurisdiction is challenged, the burden to establish the court's jurisdiction is on the party claiming that the court has jurisdiction. *Elm Park Iowa, Inc. v. Denniston,* 92 Wis. 2d 723, 731, 286 N.W.2d 5, 9 (Ct. App. 1979). Whether a party has satisfied its burden is a question of law which an appellate court reviews without giving deference to the trial court's conclusion. *Becker v. State Farm Mut. Auto. Ins. Co.,* 141 Wis. 2d 804, 811, 416 N.W.2d 906, 909 (Ct. App. 1987). The state acknowledges that it has the burden. It argues that,

despite noncompliance with the statute, the court is not necessarily deprived of jurisdiction over Moline since he still received the notice and his statutory ten-day period to request a hearing. Not only that, but once the request was made to the circuit court, the court held the hearing.

We disagree with Moline that failure to follow the immediate preparation and service provisions of the statute is tantamount to an inadequate service of a summons "in a manner prescribed by statute." *Danielson,* 71 Wis. 2d at 429, 238 N.W.2d at 533. Our analysis begins with *Big Valley Farms, Inc. v. Wisconsin Public Serv. Corp.,* 66 Wis. 2d 620, 225 N.W.2d 488 (1975). Our supreme court wrote:

> In dealing with whether or not such service of process was sufficient to give the court personal jurisdiction over the [defendant], the only question is whether the particular statute, setting forth the requirements for service of summons or notice of appeal, has been complied with. When a statute prescribes how service is to be made, the statute determines the matter. *However, in interpreting such statute, one keeps in mind the purpose of the statute and the type of action or transaction to which the statute relates.*

*Id.* at 622–23, 225 N.W.2d at 489 (emphasis added) (footnotes omitted). Thus, we look to the purpose of the statute, not just the wording of the statute, in determining the process sufficient to gain personal jurisdiction.

The clearest statement is from *Polinski.* There, the court said that the essence of the statute was to give notice and that it is the "giving of the notice to the person charged that satisfies due process." *Polinski,* 96 Wis. 2d at 46, 291 N.W.2d at 466. It was not the fact that notice be given "immediately" which caught the attention of the court, but rather that notice be given. From *Polinski,* we see one of the reasons for the statute—the

540

providing of notice of what is going to be happening to that driver as a result of the refusal and an opportunity to be heard before it happens. Thus, the legislature's goal was to satisfy due process. As explained by the supreme court in *State v. Nordness,* 128 Wis. 2d 15, 34, 381 N.W.2d 300, 308 (1986), "Procedural due process requires that the state afford [the defendant] notice and an opportunity to be heard at a meaningful time and in a meaningful manner."

Here, when Moline received his notice, it told him the following: He had refused a request to submit to a test required by statute. He had the opportunity to request a hearing *within ten days of the date of this notice.* The request must be made to the court and it gave the court's address. He was informed about what issues he could raise at the hearing. He was further informed that, if he did not request a hearing within ten days of the date of the notice, his operating privileges would be revoked for a period of not less than one year nor more than three years. He was informed that the period of revocation was to commence thirty days after the notice was issued to him.

By virtue of this notice, Moline was given all the pertinent information concerning what would happen to him as a result of his refusal. He was afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Due process was satisfied.

While the statute does say that the officer "shall" both prepare the notice and serve a copy of the notice immediately, we hold that such language is directory, rather than mandatory. We acknowledge that when the word "shall" is in a statute, it usually is considered to be mandatory. *See In re S.A. II,* 165 Wis. 2d 530, 535, 478

541

N.W.2d 21, 23 (Ct. App. 1991). However, the word "shall" can be interpreted as merely "directory" if it is necessary to carry out the clear intent of the legislature. *See id.* The clear intent of the legislature is to provide notice and a meaningful opportunity to be heard. The intent of the word "immediately" does not go to satisfying the due process component of the statute, but rather is meant to satisfy the uniformity goal of the statute so as to comply with a national system of uniform license suspension laws. In that sense, it is directory toward traffic officers and is not a due process consideration.

We conclude that there was no prejudice to the due process rights of the defendant. We further conclude that the statute requiring immediate preparation and service of a copy of the Notice of Intent upon the accused person is directory, not mandatory. As such, notice given in this case which was not immediate, but which gave Moline a meaningful notice and opportunity to be heard, gave the court personal jurisdiction over him. We affirm.

*By the Court.*—Order affirmed.