IN the MATTER OF the REFUSAL OF Stephen P. GAUTSCHI:

STATE of Wisconsin, Plaintiff-Respondent,

v.

Stephen P. GAUTSCHI, Defendant-Appellant.†

Court of Appeals

*No. 99–3065. Submitted on briefs September 12, 2000.—Decided November 9, 2000.*

2000 WI App 274

(Also reported in 622 N.W.2d 24.)

†Petition to review denied.

84

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Associates,* Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kathleen M. Ptacek,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Vergeront, Deininger, JJ., and William Eich, Reserve Judge.

¶ 1. DEININGER, J.[1] Stephen Gautschi appeals an order revoking his motor vehicle operating privilege based on his refusal to submit to an implied consent blood alcohol test. He argues that the notice of intent to revoke his operating privilege failed to provide the information required by WIS. STAT. § 343.305(9)(a)5, thereby depriving the trial court of personal jurisdiction to revoke his operating privilege. We conclude that although the notice contained a technical error, it did not prejudice Gautschi. Accordingly, we affirm the trial court's order.

---

[1] On Gautschi's motion, to which the State acquiesced, the chief judge ordered this case to be heard by a three-judge panel. *See* WIS. STAT. § 809.41 (1997–98). All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

## BACKGROUND

¶ 2.    Gautschi was arrested for operating a motor vehicle while under the influence of an intoxicant (OMVWI). He refused to submit to a test to determine his blood alcohol content, in violation of Wisconsin's informed consent law. *See* WIS. STAT. § 343.305(2). The officer then provided Gautschi with a form entitled "Notice of Intent to Revoke Operating Privilege."

¶ 3.    Gautschi timely filed a request for a refusal hearing and moved to dismiss the proceeding based on a deficient notice. The trial court denied his motion, and, based on stipulated facts, ordered his operating privilege revoked. Gautschi appeals the revocation order.

## ANALYSIS

¶ 4.    Gautschi claims that the "Notice of Intent to Revoke Operating Privilege" given to him following his refusal was defective, and thus the court lacked personal jurisdiction to revoke his operating privilege. He contends that the notice misrepresented what issues could be contested at a refusal hearing, as set forth by the legislature in WIS. STAT. § 343.305(9)(a)5. We agree with Gautschi that the notice fails to provide "substantially all" of the information required under the statute, which provides in relevant part as follows:

> If a person refuses to take a test under sub. (3)(a), the law enforcement officer shall immediately take possession of the person's license and prepare a notice of intent to revoke, by court order under sub. (10), the person's operating privilege. . . . *The notice of intent to revoke the person's operating privilege shall contain substantially all of the following information:*

. . . .

4. That the person may request a hearing on the revocation within 10 days by mailing or delivering a written request to the court whose address is specified in the notice. If no request for a hearing is received within the 10-day period, the revocation period commences 30 days after the notice is issued.

5. That the issues of the hearing are limited to:

> a. *Whether the officer had probable cause to believe the person was driving or operating a motor vehicle while under the influence of alcohol . . . and whether the person was lawfully placed under arrest for violation of s. 346.63(1) . . .* or a local ordinance in conformity therewith. . . .

WIS. STAT. § 343.305(9)(a) (emphasis added).

¶ 5. The "Notice of Intent to Revoke Operating Privilege" given to Gautschi informed him in relevant part as follows:

> The issues to be decided at the hearing are limited to *whether I was entitled to request that you submit to the test*, whether proper notice was given, whether you refused to submit and whether you have a physical disability or disease unrelated to the use of alcohol or controlled substance which was the basis for your refusal.
>
> If you do not request a hearing within 10 days of the date of this notice shown above, your operating privilege will be revoked for a period of not less than one year or more than three years. . . .

This notice of intent to revoke your operating privilege is given you as required by s. 343.305(9).

(Emphasis added.)

¶ 6. As noted above, the notice given under WIS. STAT. § 343.305(9)(a) must contain "substantially all" of the information specified in the statute. The parties disagree whether the notice at issue complies with this requirement. According to the State, "to inform the arrestee that the issues at the hearing include whether the officer is entitled to request that a driver submit to the test, *necessarily implicates* the issues of whether a lawful arrest based on probable cause took place prior to the request." (Emphasis added.) We disagree that the notice adequately informs its recipient that he or she may challenge whether the officer had probable cause to believe that the arrestee was OMVWI and whether his or her arrest was lawful. Put another way, we conclude that "whether [the officer] was entitled to request that you submit to the test" is not substantially the same as "[w]hether the officer had probable cause to believe the person was driving or operating a motor vehicle while under the influence of alcohol . . . and whether the person was lawfully placed under arrest for violation of s. 346.63(1)."

¶ 7. We agree with Gautschi that the notice is misleading regarding the permissible issues at a refusal hearing. An arrestee may read the language in the notice and conclude that the officer was "entitled to request" an alcohol test simply because the officer was wearing a badge and uniform. Not all people are trained in the law and would understand that the phrase "entitled to request that you submit to the test" encompasses the issues of probable cause and author-

ity to arrest for OMVWI.[2] Moreover, it is not sufficient, as the State maintains, that the other hearing issues are more clearly identified, or that the notice refers to the statute at issue. We conclude that a significant deviation or omission from the required statutory information is not cured by the fact that other required information is properly provided, or because a statutory reference is included. In sum, we conclude that the notice to Gautschi failed to include substantially all of the information required by WIS. STAT. § 343.305(9)(a), specifically, the information set forth in subp. 5.a.

██

¶ 8.  Even though the notice was deficient, however, it does not mean that Gautschi is entitled to reversal of the revocation order and dismissal of the proceedings. A refusal hearing is a special proceeding for purposes of WIS. STAT. § 801.01(2). *See State v. Schoepp*, 204 Wis. 2d 266, 270, 554 N.W.2d 236 (Ct. App. 1996). The notice to revoke is similar to a summons, in that it provides the court with jurisdiction over its recipient. *See* WIS. STAT. § 343.305(9)(b) ("The use of the notice under par. (a) . . . by a law enforcement officer in connection with the enforcement of this section is adequate process to give the appropriate court jurisdiction over the person."); *see also Schoepp*, 204 Wis. 2d at 271 ("The notice of intent to revoke . . . is

---

[2] The State argues that "it would fly in the face of common sense to require that every scintilla of the statutory information be supplied in the notice where the Legislature instead expressly required only that the information be substantially contained therein." Although we agree with this statement, we do not agree with the conclusion the State would have us draw from it. As stated above, we conclude that the notice does not contain "substantially all" of the information set forth in the statute.

akin to the summons and complaint requirements of Chapters 801 and 802 . . . .").

¶ 9. We must next determine, therefore, whether the cited deficiency in the notice is a "fundamental error" that deprives the court of personal jurisdiction over Gautschi, or if the defect is merely a "technical error." *See Burnett v. Hill,* 207 Wis. 2d 110, 121, 557 N.W.2d 800 (1997). Whether a defect is fundamental or technical is a question of law that we review de novo. *See id.* If the error is merely technical, we look to see whether the State has established that Gautschi was not prejudiced by the error. *See id.* If the defect is fundamental, however, whether the party was prejudiced is irrelevant. *See American Family Mut. Ins. Co. v. Royal Ins. Co. of America,* 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992).

¶ 10. Gautschi contends that the failure to clearly identify each of the possible hearing issues provided in the statute is a fundamental error, depriving the court of jurisdiction. He insists that the notice is "affirmatively misleading." Although the notice properly states that the hearing issues are limited, it then misidentifies those issues, thereby, according to Gautschi, effectively excluding two of them. We agree with the State, however, that the insufficient description in the notice of the issues which may be contested at a refusal hearing constitutes a technical error, and that Gautschi was not prejudiced by the error.

¶ 11. To determine whether a defect is technical or fundamental, we look to the purpose of the statute, not just its wording. *See State v. Moline,* 170 Wis. 2d 531, 540, 489 N.W.2d 667 (Ct. App. 1992). "If the purpose of the rule was fulfilled, the defect was not

fundamental but technical." *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 208 ¶ 31, 562 N.W.2d 401 (1997). The supreme court determined in *Gaddis v. La Crosse Products, Inc.*, 198 Wis. 2d 396, 405, 542 N.W.2d 454 (1996), that a plaintiff's failure to sign a summons, but not the complaint, still fulfilled the purpose of certifying that the action was well-grounded in fact and warranted by law, and was hence a technical defect. And, in *Burnett v. Hill*, 207 Wis. 2d 110, 125, 557 N.W.2d 800 (1997), the court similarly concluded that a plaintiff's service of an unauthenticated copy of a publication summons, along with authenticated copies of the original summons and complaint, fulfilled the purpose of the statutory requirement for authentication, and was therefore not a fundamental error. In contrast, where a defect prevents the purpose of the statute from being served, the supreme court has deemed the defect fundamental. *See American Family Mut. Ins. Co.*, 167 Wis. 2d at 535 (service of an unauthenticated photocopy of an authenticated summons and complaint on a party was a fundamental defect because it did not fulfill the purpose of assuring that the copies served are true copies of the filed documents).[3]

---

[3] The supreme court described "fundamental errors" in *American Family Mutual Insurance Co. v. Royal Insurance Co. of America*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992), as a failure to meet the requirements of WIS. STAT. § 801.02(1): failing to name a defendant in the summons and complaint, serving the defendant with an unauthenticated copy, or failing to serve the authenticated copy of the summons and complaint within sixty days after filing. *See id.* at 533–34. We note that, although this description of fundamental errors is not exhaustive, the State did not commit any of the three errors cited in *American Family Mutual Insurance Co.* The notice names Gautschi, it

¶ 12.   The supreme court has recognized that "Wisconsin courts have allowed for nonprejudicial technical errors where the defect relates to the content or form of the summons." *Gaddis*, 198 Wis. 2d at 403 (citing *American Family Mut. Ins. Co.*, 167 Wis. 2d at 530–32). As an example, the court noted that in *Canadian Pacific Ltd. v. Omark-Prentice Hydraulics, Inc.*, 86 Wis. 2d 369, 374, 272 N.W.2d 407 (Ct. App. 1978), this court concluded that a summons which failed to specify that the defendant must answer the complaint within twenty days, as then required by statute, had not resulted in prejudice to the defendant, and thus, did not constitute a jurisdictional defect. *Gaddis*, 198 Wis. 2d at 403.

¶ 13.   The statute at issue in this case is WIS. STAT. § 343.305(9)(a), whose purpose is "to give notice" and

> it is the "giving of the notice to the person charged that satisfies due process." . . . [O]ne of the reasons for the statute [is] *the providing of notice of what is going to be happening to that driver as a result of the refusal and an opportunity to be heard before it happens*. Thus, the legislature's goal was to satisfy due process. As explained by the supreme court . . . "[p]rocedural due process requires that the state afford [the defendant] notice and an opportunity to be heard at a meaningful time and in a meaningful manner."

was given to him in a timely manner, and, unlike § 801.02(1), WIS. STAT. § 343.305(9)(a) contains no authentication requirement. ("The officer shall issue a copy of the notice of intent to revoke the privilege to the person and submit or mail a copy with the person's license to the circuit court . . . .") *Id.*

*State v. Moline*, 170 Wis. 2d 531, 540–41, 489 N.W.2d 667 (Ct. App. 1992) (citations omitted and emphasis added). We held in *Moline* that the circuit court was not deprived of jurisdiction over the defendant where the officer did not "immediately" prepare and serve the notice, as the statute directs. *Id.* at 541–42. Rather, we noted that "[d]ue process was satisfied," because the defendant in *Moline* "was given all the pertinent information concerning what would happen to him as a result of his refusal [and h]e was afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 541.

¶ 14.   We similarly conclude here that, although the notice at issue did not contain "substantially all" of the statutorily required information, it nonetheless fulfilled the purpose of WIS. STAT. § 343.305(9)(a). It provided meaningful notice and the opportunity to be heard. Even though two of the permissible hearing issues were not well articulated in the notice, Gautschi was notified that his operating privilege would be revoked, that he had a right to a hearing, and that the issues at the hearing would be limited. The deficiency in the "content or form" of the notice was thus merely a technical, and not a fundamental, error. *See Gaddis*, 198 Wis. 2d at 403.

■

¶ 15.   We must next consider whether the State has established that Gautschi was not prejudiced by the deficiency in the notice he received. *See Burnett*, 207 Wis. 2d at 125. "In determining whether a technical error has prejudiced a defendant, we bear in mind the legislature's instruction that we disregard a defect which does not affect the substantial rights of the party asserting error." *Id.* at 126 (citing WIS. STAT. § 805.18). We conclude that Gautschi was not prejudiced by the

technical error. Even though the notice did not precisely communicate all of the possible issues he could raise at a refusal hearing, the record does not reveal any prejudice to him resulting from this defect. Gautschi filed a timely request for a hearing and was given the opportunity to have one. He was not precluded from challenging the existence of probable cause or the lawfulness of his arrest for OMVWI. Based on the stipulated facts presented to the court, it specifically determined that "the officer had probable cause to believe that the person was operating while under the influence, [and] that he was lawfully placed under arrest." Thus, we determine that the technically defective notice did not prejudice Gautschi.[4]

## CONCLUSION

¶ 16.   For the reasons discussed above, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

---

[4] We do not conclude that the State could always demonstrate the lack of prejudice stemming from a notice worded as was Gautschi's. For example, the recipient of a similarly worded notice, who believes that the officer lacked grounds to stop and arrest him or her for OMVWI, may suffer prejudice if the person fails to file a timely request for a hearing because he or she did not understand that the issue could be raised at a refusal hearing. We suggest, therefore, that the Department of Transportation consider revising the notice form to more accurately reflect the issues that may be raised under WIS. STAT. § 343.305(9)(a)5.a.