**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 16, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1302-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF91**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TODD DIMICELI,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dodge County: MARTIN J. DE VRIES, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

¶1 GRAHAM, J. Todd DiMiceli appeals a judgment of conviction for two counts of possession of child pornography. He argues that the circuit court erroneously denied his motion to suppress evidence derived from a court-ordered subpoena for records from his internet service provider. Specifically, DiMiceli

contends that the evidence should be suppressed because law enforcement did not serve the subpoena within five days as required by WIS. STAT. § 968.375(6) (2019-20).[1] We conclude that, under the circumstances, law enforcement's noncompliance with § 968.375(6) was a technical irregularity or error, and that it did not affect DiMiceli's substantial rights. Therefore, based on § 968.375(12), we affirm the circuit court.

## BACKGROUND

¶2    This appeal arises out of an investigation conducted by the Wisconsin Department of Justice (the Department) into the sharing of child pornography over peer-to-peer networks. The pertinent facts are not in dispute.

¶3    On September 4, 2015, a Department agent downloaded four files containing what the agent believed to be child pornography from a specific IP address, thereby identifying that IP address as a potential source of child pornography.[2] The agent determined that the IP address was registered to Charter Communications.

¶4    On October 23, 2015, the Department secured a court-ordered subpoena under WIS. STAT. § 968.375. Although the subpoena was not made part

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] An IP address is a "'unique address that identifies a device on the Internet.'" *State v. Baric*, 2018 WI App 63, ¶4, 384 Wis. 2d 359, 919 N.W.2d 221 (quoted source omitted). Internet service providers maintain records of IP addresses assigned to their subscribers. *See United States v. Christie*, 624 F.3d 558, 563 (3d Cir. 2010).

of the record on appeal, the parties generally agree on its contents.[3] The subpoena ordered Charter to provide, among other things, IP assignment logs for the IP address on the date that the agent downloaded the files from that address, including the subscriber's name and service address. Pursuant to § 968.375(6), the circuit court ordered the Department to serve the subpoena within five days.

¶5    On November 2, 2015—nine calendar days after the circuit court issued the subpoena—the agent sent it to Charter's legal department by facsimile transmission. The following day, Charter provided DiMiceli's name, among other things, and identified the service address as that of DiMiceli's residence in Hustisford, Wisconsin.

¶6    After further investigation, the Department obtained a warrant to search the premises of the Hustisford residence and seize items that may contain evidence of child pornography. The warrant application identified DiMiceli's name and address, which was information obtained through the subpoena for Charter's records. The search of DiMiceli's residence resulted in the seizure of hard drives, computers, and other devices, which were subsequently searched pursuant to a second warrant. The Department found additional images of child pornography on those devices.

---

[3] In his appellate briefing, DiMiceli's counsel includes citations to materials that are contained in the appendix but not in the record. This practice violates the Rules of Appellate Procedure. WISCONSIN STAT. § 809.19(1)(e) requires citations to the parts of the record that are relied on in the argument section of the brief. The appendix is not the record, *United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322, and we do not consider any materials not in the record, *South Carolina Equip., Inc. v. Sheedy*, 120 Wis. 2d 119, 125-26, 353 N.W.2d 63 (Ct. App. 1984). We caution counsel not to ask us to consider materials that are not in the record.

¶7    DiMiceli was charged with six counts of possession of child pornography. DiMiceli filed a motion seeking to suppress all evidence derived from the untimely served subpoena. The circuit court denied the motion. DiMiceli then pled guilty to two of the counts pursuant to a plea agreement,[4] and he now appeals the judgment of conviction based on the denial of his suppression motion.

## DISCUSSION

¶8    WISCONSIN STAT. § 968.375 provides statutory authority and requirements for court-issued subpoenas and warrants that are directed at persons who provide electronic communication or remote computing services and that compel the disclosure of information about their subscribers. At issue in this appeal is the proper interpretation and application of this statute—a question of law that we review de novo. *Rechsteiner v. Hazelden*, 2008 WI 97, ¶26, 313 Wis. 2d 542, 753 N.W.2d 496. Statutory interpretation "begins with the language of the statute," and "[s]tatutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

¶9    Under WIS. STAT. § 968.375(2)(a), upon a showing of probable cause, a judge may issue a subpoena requiring an electronic communication or remote computing services provider to disclose information, including a

---

[4] The other counts were dismissed but read in for sentencing purposes. *See Austin v. State*, 49 Wis. 2d 727, 732, 183 N.W.2d 56 (1971) (describing Wisconsin's read-in procedure).

subscriber's name and address.[5]   Section 968.375(6) sets forth a deadline for serving such subpoenas: "A subpoena or warrant issued under this section shall be served not more than 5 days after the date of issuance."   In this case, it is undisputed that the subpoena requiring the disclosure of DiMiceli's subscriber information was supported by probable cause as required by § 968.375(2)(a).  It is also undisputed that the Department did not comply with § 968.375(6)'s five-day service deadline, and that it served the subpoena after the deadline had already passed.[6]

¶10    In some circumstances, evidence may be suppressed as a remedy for noncompliance with statutory requirements.  *State v. Popenhagen*, 2008 WI 55, ¶¶12, 13 & n.10, 57-61, 309 Wis. 2d 601, 749 N.W.2d 611.  But not every violation of a warrant or subpoena statute will result in the suppression of evidence.  *State v. Sveum*, 2010 WI 92, ¶¶57-58, 328 Wis. 2d 369, 787 N.W.2d 317; *State v. Raflik*, 2001 WI 129, ¶15, 248 Wis. 2d 593, 636 N.W.2d 690; *State v. Elam*, 68 Wis. 2d 614, 620, 229 N.W.2d 664 (1975).  The question in this appeal is whether DiMiceli is entitled to suppression of the evidence derived from

---

[5] Specifically, WIS. STAT. § 968.375(2)(a) provides:

> Upon the request of the attorney general or a district attorney and upon a showing of probable cause, a judge may issue a subpoena requiring a person who provides electronic communication service or remote computing service to disclose within a reasonable time that is established in the subpoena a record or other information pertaining to a subscriber or customer of the service, including any of the following relating to the subscriber or customer: 1. Name. 2. Address. ….

[6] The parties appear to agree that the Department served the subpoena four days late. We are not certain that this is accurate, *see* WIS. STAT. § 801.15(1)(b) (discussing how deadlines imposed by court orders are computed), but we need not further address the proper calculation because we agree with the ultimate conclusion that service was late.

the subpoena of Charter's records due to the Department's noncompliance with WIS. STAT. § 968.375(6).[7]

¶11 The answer is found in WIS. STAT. § 968.375(12). That subsection provides: "Evidence disclosed under a subpoena or warrant issued under this section shall not be suppressed because of technical irregularities or errors not affecting the substantial rights of the defendant." The resolution of this appeal turns on the interpretation and application of subsection (12).

¶12 In its briefing, the State tends to refer to the Department's noncompliance with WIS. STAT. § 968.375(6)'s five-day service deadline as an "irregularity" and DiMiceli tends to refer to it as an "error," but the parties do not identify any meaningful difference between those terms. Regardless of whether we consider the Department's noncompliance with the statutory deadline to be an "irregularity" or an "error," subsection (12) prohibits suppression when two conditions are met: the irregularity or error is "technical," and it did not "affect[] the substantial rights of the defendant."[8] Thus, in applying subsection (12), we

---

[7] DiMiceli devotes a significant portion of his appellate briefing to the legislature's use of the word "shall" in WIS. STAT. § 968.375(6) and whether its five-day service requirement is "mandatory" or "directive." DiMiceli addresses this point because the circuit court relied in part on its conclusion that the term "shall" is directory when it denied the motion to suppress. We agree with DiMiceli that the word "shall" is presumed to be mandatory, and we see no reason to depart from that presumption here. *See Scanlon v. City of Menasha*, 16 Wis. 2d 437, 443, 114 N.W.2d 791 (1962) ("The general rule is that the word 'shall' is presumed mandatory when it appears in a statute.").

However, as the State points out, applying the presumption does not answer the question we have just articulated—whether the violation of WIS. STAT. § 968.375(6) means that DiMiceli is entitled to suppression of evidence derived from the subpoena. It is our answer to that question that is dispositive. *See Glendenning's Limestone & Ready-Mix Co., Inc. v. Reimer*, 2006 WI App 161, ¶14, 295 Wis. 2d 556, 721 N.W.2d 704 (appellate courts can uphold a decision on grounds other than those stated by the circuit court).

[8] Although the parties do not address this specific point, we note that the placement of the word "or" makes the language of WIS. STAT. § 968.375(12) subject to ambiguity. Subsection

(continued)

must determine what is meant for an irregularity or error to be "technical" and also what is meant for the irregularity or error to "affect" a person's "substantial rights."

¶13 Our precedent is replete with examples of Wisconsin courts considering whether evidence should be suppressed as a result of an irregularity or error relating to a search warrant. Some decisions are grounded in a conclusion that the irregularity or error was "technical," others explain that it did not "affect" the defendant's "substantial rights," yet others explain that it did not "prejudice" the defendant, and some Wisconsin cases cite all of these grounds as a basis for declining to suppress evidence.[9] However, the analysis in these cases is thin, and

---

(12) could prohibit suppression on grounds of any "technical irregularities" or any "errors not affecting [the defendant's] substantial rights." Alternatively, the word "technical" could modify both "irregularities" and "errors," so that sub. (12) prohibits suppression if any "irregularities or errors" were "technical" and did not "affect[] [the defendant's] substantial rights. We do not resolve any ambiguity and assume, without deciding, that "technical" modifies both "irregularity" and "error" in this statutory subsection.

[9] *See, e.g.*, **State v. Sveum**, 2010 WI 92, ¶¶57, 58, 328 Wis. 2d 369, 787 N.W.2d 317 (explaining that evidence obtained in violation of a statute need not be suppressed unless the violation was "material" or "prejudiced the defendant or affected the defendant's substantial rights," and determining that statutory violations including the officers' failure to return a warrant for GPS tracking within five days of issuance were "mere 'technical irregularities'" as that term is used in WIS. STAT. § 968.22); **State v. Elam**, 68 Wis. 2d 614, 620, 229 N.W.2d 664 (1975) (determining that a delay in the filing of a transcript in support of the issuance of a warrant, a "technical" violation, did not "prejudice" the defendant who had ample time to study it before an upcoming hearing); **State v. Raflik**, 2001 WI 129, ¶¶1, 52, 248 Wis. 2d 593, 636 N.W.2d 690 (determining that a failure to record telephonic testimony in support of a warrant application did not warrant suppression because the record was promptly reconstructed, but noting that the failure to record such testimony could "significantly prejudice[]" a defendant and reconstruction might not always "be sufficient to protect the defendant's rights"); **State v. Nicholson**, 174 Wis. 2d 542, 545, 497 N.W.2d 791 (Ct. App. 1993) (determining that an incorrect address on a warrant was a defect that did not "affect any substantial right" of the defendant when the warrant otherwise described the correct place to be searched and the officers searched the correct place). *Cf. **State v. Tye***, 2001 WI 124, ¶¶17-19, 248 Wis. 2d 530, 636 N.W.2d 473 (determining that an affiant's failure to swear an oath or affirmation in support of a warrant was not a "technical irregularity" and that the failure affected Tye's "fundamental right[s]").

the cases do not provide any clear guidance on the meaning of the key statutory terms or any consistent framework for determining whether an irregularity or error was technical and whether it affected a defendant's substantial rights.[10]

¶14 DiMiceli cites to ***Jadair Inc. v. U.S. Fire Insurance Co.***, 209 Wis. 2d 187, 562 N.W.2d 401 (1997), a civil case that provides helpful guidance. We note that in ***Jadair*** the question about statutory violations arose in a different context—the question was whether a defective notice of appeal invoked the jurisdiction of the court, not whether evidence gathered pursuant to a court order should be suppressed. ***Id.*** at 207-08. Nevertheless, despite the differences in context, ***Jadair*** provides helpful guidance on what it means for a statutory violation to be "technical," *see **id.*** at 207-08, and cases following ***Jadair*** provide helpful guidance on what it means for a violation to "affect" a defendant's "substantial rights," *see **State v. Gautschi***, 2000 WI App 274, ¶15, 240 Wis. 2d 83, 622 N.W.2d 24.

¶15 The ***Jadair*** court contrasted defects that are "technical" with those that are "fundamental" in nature. ***Jadair***, 209 Wis. 2d at 208. It explained that a defect is fundamental if it prevents the *purpose* of the statute from being fulfilled. If noncompliance with a statutory requirement prevented the purpose of the statute

---

[10] DiMiceli relies on ***State v. Popenhagen***, 2008 WI 55, 57-61, 309 Wis. 2d 601, 749 N.W.2d 611, but that case addressed a different issue. The issue in ***Popenhagen*** was whether, absent a constitutional violation, a circuit court could suppress evidence obtained pursuant to a non-compliant statutory subpoena when the statute in question was silent about whether suppression was available as a remedy. ***Id.***, ¶¶34, 38. Here, by contrast, WIS. STAT. § 968.375 is not silent on the availability of suppression as a remedy for statutory violations. As stated above, the statute expressly provides that evidence disclosed pursuant to a subpoena issued under § 968.375 "shall not be suppressed" if the non-compliance was "technical" and did not affect DiMiceli's "substantial rights." The ***Popenhagen*** court did not mention these terms, much less discuss their meaning.

from being fulfilled, a party need not show that it suffered prejudice as a result of the noncompliance. *Id.* However, if the purpose of the statute was served despite the noncompliance, the defect is technical, and the court must also examine whether it affected the complaining party's substantial rights. *Id.*; *Gautschi*, 240 Wis. 2d 83, ¶15. Noncompliance affects a party's substantial rights if the party can show that it suffered *prejudice* as a result of the noncompliance. *Gautschi*, 240 Wis. 2d 83, ¶15; *see also* WIS. STAT. § 805.18(1) ("The court shall, in every stage of an action, disregard any error … in the … proceedings which shall not affect the substantial rights of the adverse party."); *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶28, 246 Wis. 2d 1, 629 N.W.2d 768 (stating that, for an error to "affect the substantial rights" of a party, "there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding").

¶16 This framework from *Jadair* is consistent with—though significantly more detailed than—the cases discussed above that use these same terms in the suppression context. *See supra* note 9. Accordingly, *Jadair* provides a helpful framework for our interpretation of the key terms in WIS. STAT. § 968.375(12) and for that statute's application to the subpoena at issue in this case.

## I. The Department's Noncompliance Did Not Affect DiMiceli's Substantial Rights

¶17 Although the *Jadair* court began by analyzing whether noncompliance with a statutory requirement was technical, we begin with an examination of whether the Department's noncompliance with WIS. STAT. § 968.375(6) affected DiMiceli's substantial rights. As stated above, the question is whether DiMiceli was prejudiced by the noncompliance. *Gautschi*, 240 Wis. 2d 83, ¶15; *see also Sveum*, 328 Wis. 2d 369, ¶57.

¶18    DiMiceli does not identify any prejudice that he suffered as a result of the Department's noncompliance.  Indeed, he appears to acknowledge, at least implicitly, that the delay in service did not change the outcome of the Department's investigation.[11]

¶19    We agree.  There is no reason to believe that Charter would not have disclosed DiMiceli's name and address if the Department had complied with the service deadline in WIS. STAT. § 968.375(6).  If the Department had served the original subpoena within its five-day deadline, Charter would have produced DiMiceli's name and address in response.  Likewise, had the Department reapplied for a subpoena after the deadline passed, as DiMiceli suggests it should have done, the subpoena would have been reissued and Charter would have produced DiMiceli's name and address.  We also agree that it would have been better practice for the Department to reapply for the subpoena upon realizing that the deadline had passed.  However, DiMiceli's argument undermines any claim that he was prejudiced by the noncompliance.

## II.  The Department's Noncompliance Was a Technical Irregularity or Error

¶20    Having determined that the noncompliance with the service deadline did not affect DiMiceli's substantial rights, we now examine whether the irregularity or error was "technical" in nature.  *See* WIS. STAT. § 968.375(12).  As we understand his argument, DiMiceli contends that noncompliance was

---

[11]  DiMiceli asserts that, in this case, "there would not have been any harm in considering that subpoena void and obtaining a new one."  He asserts that "law enforcement could have re-applied for a new subpoena" after the service deadline passed, and that it "would have been easy … to obtain a new subpoena."

10

fundamental rather than technical because the five-day service deadline is mandatory, and because the statute was enacted to protect his privacy.[12]

¶21    "To determine whether a defect is technical or fundamental, we look to the purpose of the statute, not just its wording." *Gautschi*, 240 Wis. 2d 83, ¶11; *see also State v. Tye*, 2001 WI 124, ¶¶17-19, 248 Wis. 2d 530, 636 N.W.2d 473. An irregularity or error cannot be considered "technical" if it prevents the statute's purpose from being served. *Jadair*, 209 Wis. 2d at 208; *Tye*, 248 Wis. 2d 530, ¶¶17-19. In *Tye*, for example, the affiant failed to swear an oath or affirmation in support of a warrant application, and our supreme court determined that it was not a "technical irregularity" because the "purpose of an oath or affirmation is to impress upon the swearing individual an appropriate sense of obligation to tell the truth." *Tye*, 248 Wis. 2d 530, ¶¶17-19.

¶22    DiMiceli argues that the overall purpose of WIS. STAT. § 968.375 is to protect the information Charter maintained about him from unreasonable government intrusion. To be sure, protecting subscribers from governmental

---

[12] At times, DiMiceli appears to be arguing that he has a constitutionally protected privacy interest in the information Charter maintained about his account. The State counters this argument with citations to *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) (holding that a subscriber has no Fourth Amendment rights to information they voluntarily convey to third parties) and other federal cases.

To support his assertion that he has a constitutionally protected privacy interest, DiMiceli points to two paragraphs in a concurring opinion in *Two Unnamed Petitioners v. Peterson*, 2015 WI 85, ¶¶246-47, 363 Wis. 2d 1, 866 N.W. 2d 165 (Prosser, J., concurring). These paragraphs are contained in a concurrence and did not garner the votes of a majority of the members of our supreme court. Aside from his undeveloped and unpersuasive argument about *Two Unnamed Petitioners*, DiMiceli does not support his argument with authority. We do not address it further and do not decide the issue. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider arguments that are inadequately supported by factual and legal citations or are undeveloped); *Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

11

intrusion into certain records absent a judicial determination of probable cause is an evident purpose of § 968.375. Yet, that purpose was plainly fulfilled in this case—as stated above, it is undisputed that the subpoena was issued by a judge upon a showing of probable cause. DiMiceli's sole complaint was that the subpoena was served after § 968.375(6)'s deadline had already passed.

¶23 Turning to WIS. STAT. § 968.375(6)'s five-day service requirement, DiMiceli suggests that its purpose is to ensure that the subpoena is served within five days. Yet, this argument is tautological—of course on some level, the purpose of any rule is to ensure that the rule is followed. It is appropriate to examine the purpose of subsection (6) at a greater level of abstraction.

¶24 We find guidance about the purpose of the five-day service requirement in *State v. Edwards*, 98 Wis. 2d. 367, 297 N.W.2d 12 (1980). In that case, our supreme court considered WIS. STAT. § 968.15(1), a parallel provision in the statutes that generally governs search warrants. Similar to WIS. STAT. § 968.375(6), § 968.15 provides that such warrants "must be executed and returned not more than 5 days after the date of issuance." Although the *Edwards* court did not use the word "purpose" in its discussion, it explained that the statute was meant to ensure prompt execution of warrants, which would "'lessen the possibility that the facts upon which probable cause was initially based do not become dissipated.'" *Id.* at 372 (quoting *United States v. Bedford*, 519 F.2d 650, 655 (3d Cir. 1975)).

¶25 Consistent with *Edwards*, we conclude that the underlying purpose of WIS. STAT. § 968.375(6)'s five-day service requirement is to ensure prompt service so that a subpoena, which must be supported by probable cause at the time it is issued, continues to be supported by probable cause at the time it is served. A

prompt service deadline furthers the underlying purpose of reducing the likelihood that probable cause will dissipate—but the deadline is not in and of itself the purpose of the statute.[13]

¶26 Here, DiMiceli makes no cogent argument that the probable cause had dissipated at the time of the subpoena's execution. He asserts that "something like an IP address can change every time a router resets power," but he does not explain why this matters here, even if we assume his assertion is factually accurate. It is undisputed that the subpoena required Charter to disclose the name and address of the subscriber who was using a particular IP address on the specific date that the Department's agent downloaded suspected child pornography from that IP address. As stated above, DiMiceli does not contest that there was probable cause at the time the subpoena was issued, and he does not provide any basis for concluding that Charter's records of the user of that IP address on the date in question would have changed in the nine calendar days between the issuance and service of the subpoena.

---

[13] Notably, unlike in WIS. STAT. § 968.15, the legislature did not specify that subpoenas and warrants issued under WIS. STAT. § 968.375 are "void" if they are not served within the statutory deadline. *See* § 968.15(2) ("Any search warrant not executed within the time provided in sub. (1) shall be void and shall be returned to the judge issuing it.").

To the extent that DiMiceli is arguing that the subpoena issued in this case was void as a result of the untimely service, we reject that argument. Although WIS. STAT. § 968.375(6) appears to have been modeled in part on provisions from WIS. STAT. § 968.15, the legislature's omission of a provision in § 968.375 voiding untimely served subpoenas appears to have been deliberate. *See Milwaukee J. Sentinel v. City of Milwaukee*, 2012 WI 65, ¶36, 341 Wis. 2d 607, 815 N.W.2d 367 (the legislature's omission of language may reflect an intentional choice); *see also State v. Pinder*, 2018 WI 106, ¶¶1-2, 37, 384 Wis. 2d 416, 919 N.W.2d 568 (concluding that warrants for documents that are not "under the control of a person ... suspected ... in the commission of [a] crime" are not subject to the service and voiding provisions of § 968.15).

¶27 Finally, we are not persuaded by DiMiceli's reliance on *Popenhagen*, 309 Wis. 2d 601, to support an argument that noncompliance with the service deadline rendered the statutory protections meaningless. In *Popenhagen*, the State obtained bank documents needed to support a criminal case using subpoenas issued under WIS. STAT. § 805.07, a civil subpoena statute that does not require a showing of probable cause. *Id.*, ¶8. The parties agreed that the State should have instead followed the procedure in WIS. STAT. § 968.135, which does require a judicial determination of probable cause. *Id.*, ¶10. The *Popenhagen* court determined that the circuit court properly suppressed the evidence derived from the subpoena because the State did not satisfy the probable cause requirement, rendering it meaningless. *Id.*, ¶61. In contrast to *Popenhagen*, DiMiceli's case is not one in which the State disregarded the process in WIS. STAT. § 968.375 to avoid its requirements. To the contrary, apart from the untimely service, the Department and the issuing judge complied with all of § 968.375's requirements, and, as discussed above, the service of the subpoena nine calendar days after it was issued was sufficiently prompt to ensure that the probable cause supporting the subpoena did not dissipate.

¶28 In sum, although the late service of the subpoena undeniably violated WIS. STAT. § 968.375(6), the underlying purpose of this statute was fulfilled. Accordingly, we conclude that the irregularity or error in this case was not a "fundamental error," as DiMiceli suggests, but was rather a technical irregularity or error within the meaning of § 968.375(12).

**CONCLUSION**

¶29  For all these reasons, we conclude that, based on WIS. STAT. § 968.375(12), the circuit court properly denied DiMiceli's motion to suppress evidence derived from the subpoena.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.