# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2024AP180**
**2024AP181**
STATE OF WISCONSIN

Cir. Ct. Nos. 2022TP64
2022TP65

IN COURT OF APPEALS
DISTRICT I

APPEAL NO. 2024AP180

IN RE THE TERMINATION OF PARENTAL RIGHTS TO N.M.S., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

J.S.,

      RESPONDENT-APPELLANT.

APPEAL NO. 2024AP181

IN RE THE TERMINATION OF PARENTAL RIGHTS TO N.S., A PERSON UNDER
THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

J.S.,

RESPONDENT-APPELLANT.

---

APPEALS from orders of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Affirmed*.

¶1      DONALD, P.J.[1]  Julia appeals from circuit court orders terminating her parental rights to her children, Nathan and Neil.[2]  Julia argues the circuit court lacked personal jurisdiction over herself because she was not personally served the summons and petitions for the termination of her parental rights.  Julia also contends the circuit court erred by accepting the substitution request of Judge Joseph R. Wall made by the children's guardian *ad litem* (GAL) because the GAL had previously waived the right to substitution and failed to comply with the

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, the family in this confidential matter is referred to using pseudonyms.  *See* WIS. STAT. RULE 809.19(1)(g).

requirements for substitution laid out in WIS. STAT. § 48.29(1). For the following reasons, we affirm the circuit court's orders.

## BACKGROUND

¶2      On April 1, 2022, the State filed petitions to terminate Julia's parental rights to Nathan and Neil. The State made three unsuccessful attempts to personally serve Julia and filed an affidavit of non-service. The State also mailed a copy of the summons and the petitions to Julia.

¶3      On April 13, 2022, the parties attended an initial appearance before Judge Ellen R. Brostrom. Julia and her attorney were present. The circuit court asked Julia if she had received a copy of the petitions and Julia replied that she had just obtained a copy that morning from the State Public Defender's Office. As a result, Julia explained that she had not had enough time to fully discuss all of the issues regarding her right of substitution with her attorney and requested an adjournment to do so. The circuit court granted her request. At the adjourned initial appearance on April 25, 2022, the GAL waived the right of substitution.

¶4      On June 10, 2022, the circuit court held a scheduling conference to schedule a final pretrial and jury trial. The circuit court and the parties were unable to schedule a date through October of 2022. At that point, the GAL stated that she wanted to ask for a substitution in order to find an earlier date. The circuit court notified the parties that this case would be transferred to Judge Wall at the beginning of August.[3]  Since the circuit court was unable to find a trial date on

---

[3] Milwaukee County circuit court judges are periodically rotated among different circuit court divisions. In 2022, judicial rotation occurred on August 1.

Judge Wall's calendar and the GAL exercised her right of substitution, the circuit court scheduled a scheduling conference on Judge Marshall B. Murray's calendar for July 1, 2022, to find a trial date. Julia noted and the circuit court acknowledged that Julia was not waiving her ten days to object to the substitution of Judge Wall. However, Julia never objected.

¶5 On August 29, 2022, the State filed amended petitions to terminate Julia's parental rights for Nathan and Neil. The State served the amended petitions on Julia's attorney and mailed them to Julia. The State did not attempt to personally serve Julia. In the amended petitions, the State added commission of a serious felony against one of the person's children under WIS. STAT. § 48.415(9m)(b)2. as a ground for the petitions after Julia was convicted of first-degree child sexual assault, as a party to a crime, of Neil under WIS. STAT. § 948.02(1)(e).

¶6 At the hearing on the amended petitions on November 21, 2022, Julia noted that she believed that personal service of the amended petitions was required. The circuit court considered that Julia's attorney had received the amended petitions and that Julia had discussed them with her attorney, and found service on Julia's attorney sufficient. The circuit court then granted the State's motion for partial summary judgment on the commission of a serious felony against one of the person's children ground and found Julia unfit. At the dispositional hearing on March 23, 2023, after considering all of the evidence presented, the circuit court concluded that termination of Julia's parental rights was in the best interests of Nathan and Neil.

¶7 Julia now appeals the circuit court's orders.

4

## DISCUSSION

¶8      The questions on appeal are whether the circuit court erred by accepting the GAL's substitution of Judge Wall and whether the circuit court had personal jurisdiction over Julia.  Julia argues that the circuit court erred by accepting the GAL's substitution request because the GAL had previously waived the right to substitution and the GAL's request did not comply with the requirements set out in WIS. STAT. § 48.29(1).  Julia also argues that the circuit court lacked personal jurisdiction because Julia was never personally served a summons, the petitions, and the amended petitions.[4]  We take each argument in turn.

¶9      The GAL contends that Julia forfeited her argument regarding the circuit court's decision to accept the GAL's substitution of Judge Wall because Julia never raised any objections to the substitution before the circuit court.  We agree with the GAL.

¶10      "It is a fundamental principle of appellate review that issues must be preserved at the circuit court.  Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727.  This principle serves a number of important objectives that promote efficiency and fairness. ***Id.***, ¶¶11-12.  It spurs attorneys to raise issues before the circuit court

---

[4] Additionally, Julia argues for the first time in her reply brief that the circuit court erred by not deciding whether it had personal jurisdiction over Julia *sua sponte* at the April 13, 2022 hearing.  In support of her argument, Julia points to case law discussing subject matter jurisdiction.  We decline to address this argument. *See **Bilda v. County of Milwaukee***, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661 ("It is a well-established rule that we do not consider arguments raised for the first time in a reply brief.").

which "allows the [circuit] court to correct or avoid the alleged error in the first place," "encourages attorneys to diligently prepare for and conduct trials," and "prevents attorneys from … failing to object to an error for strategic reasons and later claim[] that the error is grounds for reversal." *Id.*, ¶12. "The party who raises an issue on appeal bears the burden of showing that the issue was raised before the circuit court." *Id.*, ¶10.

¶11     Julia never objected to the GAL's substitution of Judge Wall before the circuit court despite confirming with the circuit court that she had the opportunity to do so if she wished to.[5]  Julia also does not provide an explanation for why this court should consider her argument despite her failure to preserve it. We conclude that Julia forfeited her right to raise this argument on appeal.

¶12     Julia also argues that the circuit court lacked personal jurisdiction over herself because the State failed to personally serve the summons and original petitions on her.  The State and the GAL maintain that the circuit court had personal jurisdiction because Julia submitted to the circuit court's jurisdiction. *See* WIS. STAT. § 48.42(4)(a) (stating "a copy of the summons and petition shall be served personally upon the parties ….  Service of summons is not required if the party submits to the jurisdiction of the court.").

¶13     "Parental rights termination proceedings under Chapter 48 are civil proceedings," so the code of civil procedure applies "unless a 'different procedure is prescribed by statute or rule.'" *Steven V. v. Kelley H.*, 2004 WI 47, ¶32, 271 Wis. 2d 1, 678 N.W.2d 856 (quoting WIS. STAT. § 801.01(2)).  Challenges to a

---

[5] Julia concedes in her brief that she neither objected to the GAL's substitution request nor requested a substitution herself.

court's personal jurisdiction can be forfeited. ***Studelska v. Avercamp***, 178 Wis. 2d 457, 462, 504 N.W.2d 125 (Ct. App. 1993). *See also* WIS. STAT. § 48.297(2) ("Defenses and objections based on defects in the institution of proceedings … shall be raised not later than [ten] days after the plea hearing or be deemed waived.").

¶14    Julia claims that, at the November 21, 2022 hearing, she preserved her argument that the circuit court lacked personal jurisdiction over her because the summons and original petitions were not served on her. However, after reviewing the record, we find that Julia never objected to the service of the summons and petitions.

¶15    At the November 21, 2022 hearing, Julia's attorney raised the issue that Julia had not received the amended petitions. Counsel for the State responded that the amended petitions were mailed but personal service was not attempted. The GAL noted that the State's service of the amended petitions on Julia's attorney was sufficient because she was the attorney of record in an ongoing civil case. The circuit court then asked if anyone else wished to be heard on this issue. Julia's attorney responded with the following: "[f]or the record, I would just note that [Julia] has not been served and I believe that service of the amended petition is required." Thus, it is clear that Julia preserved her argument regarding the service of the amended petitions. However, she never raised any issues with the service of the summons and original petitions at this hearing or at any prior or subsequent hearings.

¶16    Julia fully participated in the circuit court proceedings by attending the hearings with her attorney and by following the circuit court's orders. Additionally, Julia never objected to the service of the summons and original

petitions. Therefore, Julia forfeited this argument on appeal. *See **Huebner***, 235 Wis. 2d 486, ¶10.

¶17 Finally, Julia argues that the service of the amended petitions on Julia's attorney was improper service depriving the circuit court of personal jurisdiction. The State and GAL argue that the service of the amended petitions on Julia's attorney sufficed under WIS. STAT. § 801.14(2).

¶18 Jurisdiction is determined at the time an action is commenced, so "it is not necessary that an amended [petition] comply with subsequently imposed jurisdictional requirements." ***J.F. Ahern Co. v. Wisconsin State Bldg. Comm'n***, 114 Wis. 2d 69, 80, 336 N.W.2d 679 (Ct. App. 1983). There is no requirement that personal jurisdiction must be re-conferred when an amended petition is filed. ***Bell v. Employers Mut. Cas. Co. of Des Moines, Iowa***, 198 Wis. 2d 347, 362-63, 541 N.W.2d 824 (Ct. App. 1995) ("[T]here [is] no need to re-confer personal jurisdiction … via the service of an amended summons upon the person[.]"). Therefore, the State was not required to personally serve Julia the amended petitions.

¶19 Furthermore, service of the amended petitions on Julia's attorney was appropriate. Under WIS. STAT. § 801.14(2), "[w]henever … service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the *service shall be made upon the attorney* unless service upon the party in person is ordered by the court." (Emphasis added.) "[T]he black-letter law is that once an action has begun and the attorney has appeared in the action on behalf of a party, service of papers may be upon the attorney." ***Gangler v. Wisconsin Electric Power Company***, 110 Wis. 2d 649, 657, 329 N.W.2d 186 (1983). Therefore, service of the amended petitions on Julia's

attorney instead of on Julia did not deprive the circuit court of personal jurisdiction.

## CONCLUSION

¶20     For the foregoing reasons, we conclude that Julia forfeited her arguments regarding the GAL's substitution of Judge Wall and the service of the summons and original petitions.  Additionally, we conclude that service of the amended petitions on Julia's attorney did not deprive the circuit court of personal jurisdiction over Julia.  Therefore, we affirm the orders of the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.